**UNITED STATES of America**

v.

**A Shipment of 25,000 MAGAZINES, ENTITLED "REVUE", "Studio", "Play Girl", "Bazaar", "Charme", and "Lotus".**

Civ. No. 17187.

United States District Court
D. Maryland.

June 3, 1966.

---

Thomas J. Kenney, U. S. Atty., Arthur G. Murphy and Fred K. Grant, Asst. U. S. Attys., Baltimore, Md., for libelant.

Joseph Rosenthal and Norman N. Yankellow, Baltimore, Md., for Central Magazine Sales, Ltd., claimant.

THOMSEN, Chief Judge.

In this proceeding under section 305 of the Tariff Act of 1930, 19 U.S.C.A. § 1305,[1] the government seeks forfeiture on grounds of obscenity of 25,000 magazines imported from Denmark through the Port of Entry at Baltimore on March 18, 1966. The shipment comprised 43 different issues or numbers of six magazines published by the same concern. The only point raised by the importer is that the material is not obscene.[2]

The facts have been presented in the form of a stipulation, supplemented by

---

1. That section is set out in note 1 to the opinion of this Court in United States v. 392 Copies of a Magazine Entitled "Exclusive", filed April 4, 1966, 253 F.Supp. 485, referred to herein as the *Exclusive* opinon.

2. No procedural questions, such as those raised in the *Exclusive, Hellenic Sun* and *Solis* cases, cited in the body of this opinion, have been raised.

the 43 magazines in question and one exhibit, showing in greater detail the entry and the action taken by the customs officials. Each of the 43 numbers had been previously imported through the Port of Entry at Baltimore during December 1965 and January 1966.[3]

The so-called magazines[4] are really picture books, each containing thirty-odd photographs of nude or almost nude women. In practically all of the photographs the pubic area and breasts are fully exposed; in some of the photographs two or more women are shown; a few of the magazines contain one or two pictures of nude men, or of several women accompanied by men or by children. Many of the magazines contain no written material whatever except a brief statement of how similar magazines may be purchased; some include a title page similar to the title page in *Exclusive,* see 253 F.Supp. 485, 492, n. 17, suggesting that the magazine is intended to be distributed to serious artists; some include a title page in German similar to the title page in *Hellenic Sun,* see 253 F.Supp. 498, 503 n. 10, suggesting that the magazine is the sunbathing and nature living monthly magazine; and a few carry a "blurb" on the rear suggesting that the publication is an art magazine. All of these claims are spurious; the magazines involved in this case are designed for and intended to be distributed to adolescent and adult males who may have a natural or prurient interest in pictures of nude women.

The applicable law was discussed by this court in the *Exclusive* case, 253 F. Supp. 485 (1966), the *Hellenic Sun* case, 253 F.Supp. 498 (1966), and the *Solis* case, U. S. v. 1,000 Copies of Magazine Entitled "Solis", 254 F.Supp. 595 (1966). The court adheres to the views expressed in those opinions. The discussions with respect to the magazines *Exclusive* and *Solis 84* are particularly applicable here. It is well, however, to keep in mind the basic rules, summarized by Mr. Justice Brennan in A Book Named "John Cleland's Memoirs of a Woman of Pleasure" v. Attorney General of Com. of Massachusetts (the *Fanny Hill* case), 383 U.S. 413, 418, 86 S.Ct. 975, 977, 16 L.Ed.2d 1 (1966) as follows:

"We defined obscenity in *Roth* [Roth v. United States, 354 U.S. 476, 77 S.Ct. 1304, 1 L.Ed.2d 1498] in the following terms: '[W]hether to the average person, applying contemporary community standards, the dominant theme of the material taken as a whole appeals to prurient interest.' 354 U.S. at 489, 77 S.Ct. at 1311. Under this definition, as elaborated in subsequent cases, three elements must coalesce: it must be established that (a) the dominant theme of the material taken as a whole appeals to a prurient interest in sex; (b) the material is patently offensive because it affronts contemporary community standards relating to the description or representation of sexual matters; and (c) the material is utterly without redeeming social value. * * * Each of the three federal constitutional criteria is to be applied independently."[5]

In this case the third element requires one brief finding of facts: none of the 43 magazines in question has any redeeming social value.

The first two elements present more difficult problems for the customs officials and the courts. It is not easy for customs officials and others charged with enforcing the laws against obscenity to determine whether such magazines as

---

3. It is evident that the Customs Bureau has stiffened its attitude toward such publications since the meeting of February 8, 1966, referred to in the *Exclusive* opinion, 253 F.Supp. at 485.

4. They appear on the entry form as "bound photographs", which perhaps describes them more accurately.

5. In Manual Enterprises, Inc. v. Day, 370 U.S. 478, 486, 82 S.Ct. 1432, 1436, 8 L.Ed. 2d 639 (1962), Mr. Justice Harlan noted that in most obscenity cases the two elements of patent offensiveness and "prurient interest" appeal "tend to coalesce, for that which is patently offensive will also usually carry the requisite 'prurient interest' appeal."

are involved in this case appeal to a prurient interest in sex, and go so far beyond contemporary community (national) standards relating to the representation of sexual matters as to be patently offensive. If the enforcement of the laws is not to be chaotic and capricious, the courts must make an effort to spell out in greater detail the principles which should guide such officials.

This court has, therefore, undertaken to state the principles which it believes should be applied to such "magazines" as are involved in this case. The stated principles are not intended to apply to books, cartoons or other drawings, moving pictures, bona fide art magazines or other reproductions of works of art, or other bona fide magazines containing substantial amounts of written material and illustrations.

■ A. Not all photographs of nude women are obscene, even though the focus is on the breasts or the pubic area. Such photographs are not rendered obscene merely because the models are kneeling or lying down, or handling scarves, veils or other properties, or posed in unusual or vulgar positions, if their positions and expressions are not lewd or enticing. The inclusion of a nude man or men in such photographs does not render them obscene unless some type of sexual activity is depicted or suggested.

■ B. Among the factors which may render such photographs obscene and which should be considered by enforcement authorities are: (1) that the model is on a bed or a bed is part of the picture; or (2) that the woman is in an enticing or lewd position; or (3) that the pubic area is bare and such clothing as the woman wears tends to accentuate the focus on the pubic area; or (4) that the pose overaccentuates the pubic area; or (5) that the woman is removing her final garment suggestively; or (6) that properties are used in such a way as to heighten prurient interest; or (7) that a man in the picture has an erection or a partial erection or any type of sexual activity is suggested or depicted.

■ The dominant theme of the material taken as a whole must be considered, but one or more obscene photographs may heighten the prurient appeal of other photographs in such a magazine.

The court finds that the following magazines are not obscene, as that term in 19 U.S.C.A. § 1305 should be construed:

| | |
|---|---|
| CHARME | – Nos. 8, 17, 20, 21, 22, 23, 24, 27 |
| LOTUS | – Nos. 7, 8, 9, 11, 12, 18, 19, 20, 21, 23, 24, 26 |
| STUDIO | – Nos. 58, 60, 61, 63 |
| BAZAAR | – Nos. 9, 11 |
| REVUE | – Nos. 37, 44, 54, 56, 58 |
| PLAY GIRL | – Nos. 6, 8, 9 |

Despite the possible prurient appeal of a few of the pictures to deviants, no expert or other testimony to that effect was offered by the government, and the court finds that no such appeal has been proved.

The court finds that the following magazines are obscene, as that term in 19 U.S.C.A. § 1305 should be construed:

| | |
|---|---|
| STUDIO | – Nos. 46, 47, 51 |
| BAZAAR | – No. 10 |
| REVUE | – No. 62 |
| PLAY GIRL | – Nos. 4, 5, 7, 15 |

Counsel should agree upon an appropriate judgment order or settle order in five days.