UNITED STATES of America, Appellant,

v.

CENTRAL MAGAZINE SALES, LTD., Claimant of a shipment of 25,000 magazines entitled "Revue," "Studio," "Play Girl," "Bazaar," "Charme," and "Lotus," Appellee.

UNITED STATES of America, Appellant,

v.

RELIABLE SALES COMPANY, Claimant of 1,890 copies of Magazines, including 990 copies of the Magazine entitled: "Croquis" Nos. 73, 77, 78, 79, 80; 300 copies of Magazine entitled "Forms in Color Magazine" Nos. 1, 5 and 6; 200 copies of Magazine entitled "Bazaar" Nos. 6 and 14; 300 copies of Magazine entitled "Revue Magazine" Nos. 45, 46 and 59; and 100 copies of a Magazine entitled "Studio Magazine" No. 48, Appellee.

UNITED STATES of America, Appellant,

v.

A shipment of 3,600 COPIES OF MAGAZINES ENTITLED "CHARME," ET AL., Appellee.

UNITED STATES of America, Appellant,

v.

A shipment of 944 COPIES OF MAGAZINES ENTITLED "ALBUM TEEN-AGER NUDISTS," NO. 1, ET AL., Appellee.

UNITED STATES of America, Appellant,

v.

60,000 COPIES OF MAGAZINES, including 20,000 copies of a magazine ENTITLED "FORMS IN COLOR" VOL. 1, NO. 2, ET AL., Appellee.

Nos. 10897, 11203, 11225, 11226, 11275.

United States Court of Appeals Fourth Circuit.

Argued May 1, 1967.

Decided July 7, 1967.

Thomas J. Kenney, U. S. Atty. (Arthur G. Murphy, First Asst. U. S. Atty., Clarence E. Goetz, Asst. U. S. Atty., and Fred Kelly Grant, former Asst. U. S. Atty., on brief), for appellant.

Norman N. Yankellow, Baltimore, Md. (Joseph Rosenthal, Baltimore, Md., on brief), for appellee.

Before HAYNSWORTH, Chief Judge, and SOBELOFF, BOREMAN, BRYAN, WINTER and CRAVEN, Circuit Judges, sitting en banc.

PER CURIAM:

The United States has appealed from several orders of the District Court of Maryland finding a number of picture magazines not obscene.[1] The Government's position essentially is that any collection of photographs of nudes is obscene, if, in some of the pictures, the pubic area of the model is exposed. We think obscenity cannot be determined on such a per se basis, and we affirm the conclusion of the District Court that these magazines are not obscene.[2]

Affirmed.

ALBERT V. BRYAN, Circuit Judge, (dissenting):

The majority opinion decides these cases on the "Government's position", not on the evidence; it decides that the position is wrong, and so affirms. While its recitation of the Government's position is too restricted—for the United States relied on the "totality of the circumstances here surrounding these so-called magazines" to establish obscenity —the point is immaterial. Whether the Government's position is right or wrong is not the inquiry. The issue is obscenity and that alone.

We are obligated to answer this question independently of the parties' contentions and independently of the determination in the trial court. It is "one of particularized judgments which appellate courts must make for themselves". Harlan, J., concurring in Roth v. United States, 354 U.S. 476, 497, 77 S.Ct. 1304, 1316, 1 L.Ed.2d 1498 (1957); see, too, Jacobellis v. State of Ohio, 378 U.S. 184, 188, 84 S.Ct. 1676, 12 L.Ed.2d 793 with fn. 3 (1964). Facing up to this duty the first point is, as the District Judge noted, that none of the magazines has any "redeeming social value". This is the last of the "three federal constitutional criteria" under Justice Brennan's now classic test for obscenity, begun in *Roth,* supra, and completed in A Book Named "John Cleland's Memoirs of a Woman of Pleasure" v. Attorney General of Com. of Massachusetts, 383 U.S. 413, 418, 86 S.Ct. 975, 977, 16 L.Ed.2d 1 (1966):

"'[W]hether to the average person, applying contemporary community standards, the dominant theme of the material taken as a whole appeals to prurient interest.' 354 U.S. at 489, 77 S.Ct. [1304] at 131, 1 [L.Ed.2d 1498]. Under this definition, as elaborated in subsequent cases, three elements must coalesce: it must be established that (a) the dominant theme of the material taken as a whole appeals to a

---

1. See, e. g., United States v. A Shipment of 25,000 Magazines, D.C., 254 F.Supp. 1014.

2. Cf. United States v. 392 Copies of Magazine entitled "Exclusive," 4 Cir., 373 F. 2d 633.

prurient interest in sex; (b) the material is patently offensive because it affronts contemporary community standards relating to the description or representation of sexual matters; and (c) the material is utterly without redeeming social value."

A general description of the literature before us is summarized by the District Judge in United States v. 25,000 Magazines Entitled "Revue", D.C., 254 F. Supp. 1014, 1016 (1966), appeal No. 10,897 here, as follows:

"The so-called magazines are really picture books, each containing * * photographs of nude or almost nude women. In practically all of the photographs the pubic area and breasts are fully exposed; in some of the photographs two or more women are shown; a few of the magazines contain one or two pictures of nude men, or of several women accompanied by men or by children. Many of the magazines contain no written material whatever except a brief statement of how similar magazines may be purchased; some include a title page * * * suggesting that the magazine is intended to be distributed to serious artists; some include a title page in German * * * suggesting that the magazine is the sunbathing and nature living monthly magazine; and a few carry a 'blurb' on the rear suggesting that the publication is an art magazine. All of these claims are spurious; the magazines involved in this case are designed for and intended to be distributed to adolescent and adult males who may have a natural or prurient interest in pictures of nude women."

Looking at the pictures now in suit, can it be realistically said that their "dominant theme" is not to excite prurient interest? They have no other attraction. Citation of authority is not required for the proposition that without this lure they would have no market. The District Judge, to repeat, finds them utterly without social value. Likewise, I am indeed reluctant to think that this "material is [not] patently offensive" as affronting "contemporary community standards relating to the description or representations of sexual matters". It blatantly displays to the viewer male and female genitalia which our "contemporary community standards"—right or wrong—demand be clothed. In this judgment I am not indulging in presumptuous censorship; we are required to make this assessment. Jacobellis v. State of Ohio, supra, 378 U.S. 184, 188 with fn. 3, 84 S.Ct. 1676, 12 L.Ed.2d 793.

Of course, as the District Court rightly held, "not all photographs of nude women are obscene". Nevertheless, if convicted under Justice Brennan's tripartite test, some may be. Without the slightest disparagement of the thought and study obviously devoted by the District Court in the formulation of guiding principles in the ascertainment of appeals to pruriency or of community standards, I cannot draw the distinctions or apply the nuances he delineates and uses to acquit some of the publications. The depictions in all of the magazines are self-convicting. They are primary evidence, for me of more weight than logic or argument. Obscenity speaks for itself. It needs no interpretation. Though in a new frame, res ipsa loquitur proves the Government's case.

Obscenity here is not refuted by Sunshine Book Company v. Summerfield, 355 U.S. 372, 78 S.Ct. 365, 2 L.Ed.2d 352 (1958) reversing 249 F.2d 114. The reversal was not a finding that the literature before the lower courts was unobscene. The one-paragraph per curiam gives no such indication, relying exclusively on *Roth*, supra, 354 U.S. 476, 77 S.Ct. 1304, 1 L.Ed.2d 1498, itself an affirmance of obscenity. A reading of the Court of Appeals opinion, as pointed up by dissent, reveals that it was overturned because the Court had not considered the accused material *as a whole*, a requisite exacted by *Roth*. There was no such fault below.

Downright smut is unashamedly served up in these magazines. It is offered for public consumption solely for a

profit to the purveyor. No amount of casuistry can cleanse it. Solicitude to spare this stuff, lest its destruction offend the Constitution, is hardly flattering to that document. I would cremate the whole lot of it.

BOREMAN, Circuit Judge, joining Judge ALBERT V. BRYAN in dissent:

I am in accord with Judge Bryan and I share his views as expressed in his dissenting opinion. It is unthinkable that these picture books, found by the district court to have no "redeeming social value" do not affront "contemporary community standards relating to the description or representations of sexual matters."

I am unwilling to admit or believe that contemporary community standards are at a level so low that importation of these collections of photographs of nudes, male and female, into these United States and the unrestricted distribution thereof are free of constitutional objections. Judge Bryan's concluding thrust that "the whole lot" should be destroyed has my unqualified approval.