William E. Ringel, J.
The defendant, an employee in a ‘ ‘ Girlie-Type Times Square ’ ’ bookshop, is charged with violating the obscenity statute (Penal Law, § 235.05, subd. 1) in that he offered to sell the complainant an artificial penis for some $25.
The object in question is a realistic, rigid plastic replica of the male organ in a state of erection, commonly known as a “ dildo.” It is about 6% inches long and about 1% inches in diameter at its base, which is open. The device is hollowed out to receive a metal tube containing two dry-cell batteries. The batteries agitate the device, which is equipped with a belt to be used in fastening the device about the body in the pubic area.
*1074 The sole question to be determined is whether the device in question is “ obscene material ” as defined in the statute (Penal Law, § 235.00, subd. 1) and under the authorities.
The Federal and New York tests for obscenity are identical (Memoirs v. Massachusetts, 383 U. S. 413; People v. Stabile, 58 Misc 2d 905; Penal Law § 235.05, subd. [1]; Commission Staff Notes, Gilbert, Crim. Code and Penal Law and Revised Penal Law, § 240.00, p. 1C-95; cf. Model Penal Code, § 251.4, subd. [2]).
In substance, the test is threefold, in which all of the three elements must coalesce. (1) Considered as a whole, the predominant appeal of the material in question is to prurient interest in sex; (2) it violates community standards in that it goes substantially beyond customary limits of candor and is patently offensive; and (3) it is utterly without redeeming social value.
The determination of obscenity is a question of law for the court to decide (Jacobellis v. Ohio, 378 U. S. 184, 188; United States v. “I Am Curious-Yellow," 404 F. 2d 196).
Nudity and obscenity are not synonymous (Roth v. United States, 354 U. S. 476). Nor, is the graphic representation of genitalia, without more, a violation of the statute. (Central Magazine Sales Ltd. v. United States, 389 U. S. 50; Redrup v. New York, 386 U. S. 767; Conner v. City of Hammond, 389 U. S. 48.) (United States v. 4,400 Copies of Magazines, 276 F. Supp. 902.)
However, where genitalia are graphically portrayed, together with some indication of sexual activity, e.g., sexual intercourse, masturbation or sodomy, absent “ social justification or excuse,” the material in question is obscene. (People v. G. I. Distrs., 20 N Y 2d 104, 107; see Ginzburg v. United States, 383 U. S. 463, n. 3 dissent by Stewart, J.; cf. People v. Brown, N. Y. L. J., Nov. 19, 1968, p. 20, col. 4.) The depiction of a penis in an erect or semi-erect state may be indicative of sexual activity.
In United States v. 25,000 Magazines (254 F. Supp. 1014, 1017) the court enumerated certain elements which should be considered in determining whether a photograph is 'obscene. “ (7) that a man in the picture has an erection or partial erection ’ ’. The analogy between the device here in question and a photograph requires no elaboration.
In People v. Noroff (67 Cal. 2d 791, 794) the court found a certain publication constitutionally protected because “ None of the photographs displays any form of sexual activity ”. In footnote 6 of the same opinion, the court noted: ‘1 The graphic *1075 depiction of such sexual 'activity seems to be the distinguishing feature of the only materials which .the United States Supreme Court has ever ruled obscene. ” (See, also, People v. G. I. Distrs., 20 N Y 2d 104, 107, 108, supra.)
In United States v. Gentile (211 F. Supp. 383), a rubber device called an ‘ ‘ extension ’ ’ was before the court. This device was composed partly of thin rubber, but had large rubber ends and was intended to suggest an erect male organ of an exaggerated size.
The court found that shipment of this device violated the Federal statute (U. S. Code, tit. 18, § 1462, subd. [c]) in that ‘ ‘ its predominant (appeal is to prurient interest ’ ’ and that it was “ patently offensive.”
The device before us depicts a method of functioning, a construction and appearance, together with electrical equipment and appurtenances which are clear indications of sexual activity, which, absent “ social justification or excuse ” as here, (People v. G. I. Distrs., 20 N Y 2d 104, 107, supra), compels the conclusion that it is obscene material both under the statute and under the authorities. Its predominant appeal is to prurient interest and it is patently offensive. (Memoirs v. Massachusetts, 383 U. S. 413, supra.) Additionally, it should be noted that the place, manner and method of distribution of material subject to pornographic exploitation, are factors that may be considered in determining whether material is obscene (Ginzburg v. United States, 383 U. S. 463).
The motion to dismiss the complaint is accordingly denied and the defendant is found guilty as charged.
Helia, J., concurs.