Alois C. Mazur, J.
' Defendant was charged with violating section 245.00 of the Penal Law which reads: “A person is guilty of public lewdness when he intentionally exposes the private or intimate parts of his body in a lewd manner or commits any other lewd act (a) in a public place, or (b) in private premises under circumstances in which he may readily be observed from either a public place or from other private premises, and with intent that he be so observed.”
The essential facts .are not particularly in dispute. Defendant was “ the featured performer at the Stage Door ” (words quoted from the information), an establishment licensed by the New York State Liquor Authority and which presumably presents 1 ‘ live ’ ’ entertainment to patrons ivho hopefully will purchase alcoholic beverages. The management of the establishment presented the entertainment in question in an area of the premises not readily seen from the streets or even other portions of the premises itself. The manager of the enterprise stationed himself at the entrance of the area reserved for the performance and collected an admission charge from all those desiring to view the performance. There was no contention by the prosecutor that anyone was enticed to enter, to pay the admission charge, or to view the alleged lewd performance. *409 Also, there was no contention that anyone other than consenting adults were allowed to enter or, in fact, did enter.
For the purposes of this decision we need not linger long on a description of the defendant’s performance. It is probably sufficient to say that it was some type of dance (or series of dances) played to taped music and did involve essentially only the defendant who appeared at times “ topless ”, at times with a cloak or cape and at times with a vibrator. The performance was described as being strongly suggestive of sexual intercourse and other sexual acts. Except for a couple of brief moments the defendant was said to have the pubic area of her body covered.
The description of the performance was lengthy and detailed. From this some could conclude that it was obscene or lewd and others, if indeed a distinction can be made, erotic, tawdry, in poor taste, or simply, boring.
No attempt whatsoever was made to present expert testimony that defendant’s performance was obscene, as such is authoritatively defined by statute and case law. (See Penal Law, § 235.00, subd. 1; People v. Richmond County News, 9 N Y 2d 578; Roth v. United States, 354 U. S. 476.)
Once the prosecution decided to prosecute this case under section 245.00 of the Penal Law it was presumably felt that a comprehensive and detailed description of the defendant’s performance was all that was required for a permissible conclusion of “ lewdness ” (or “ obscenity ”?) (undoubtedly upon an interesting variation of the res ipsa loquitur theory).
Perhaps this would be permissible if the prosecution was attempting to apply section 245.00 of the Penal Law to a situation for which the Legislature clearly intended it to be applied. However this court does not believe that a mere description of the acts is sufficient for a conclusion of “ lewdness ” in a situation not contemplated by the Legislature and which involves the First Amendment tests and safeguards.
It appears to the court that the prosecution of this case under section 245.00 of the Penal Law is a clear attempt to avoid the problems and burdens imposed by the Legislature, the courts and the Constitution, for a prosecution under the obviously more applicable and appropriate provisions of the Penal Law: subdivision 2 of section 235.05 of the Penal Law, which specifically deals with obscene performances.
In the instant case, the obvious legislative intent for the application of section 245.00 of the Penal Law was to proscribe indecent exposure of a public nature or like or similar public-type *410 of acts. Whatever the exact scope of application, it cannot be reasonably argued that this section is to apply to performances inside a building which cannot as here, be observed by anyone outside of said building.
The proper use and application of section 245.00 of the Penal Law can probably best be ascertained by a common sense reading of the present section and its predecessor section 1140 of the Penal Law (Exposure of person) and the type of cases prosecuted thereunder.
Such an examination would reveal that the section was designed to proscribe certain acts of such a “ public ” nature that they could be said to have either been committed (a) in a public place or (b) in a private place under circumstances in which the perpetrator of the proscribed acts could readily be observed elsewhere.
Such an examination further reveals that the real key to the application of this section can be found in determining who, or what class of people, is intended to be protected by the law. Put in another way: who are the real or probable ‘‘ victims ” or “ viewers ” deemed worthy of protection?
It should be obvious to anyone after such an examination that the Legislature intended the statute in question to proscribe indecent or lewd exposure or acts directed toward unsuspecting, unwilling, nonconsenting, innocent, surprised or likely-to-be offended or corrupted types of viewers.
These types of viewers, prospective or actual, can hardly be said to be involved in the case before this court. Here the prospective viewers were restricted to people above a certain age who obviously knew the nature of what they were about to see, who were willing to pay for the privilege to observe and who were gathered in a place where the performance could not be seen by random and unsuspecting members of the general public.
Section 245.00 of the Penal Law cannot, under the circumstances, be broadened in meaning or scope to cover the facts in this case. This is especially true because it is clear and undisputed that an act or performance was involved and that the Legislature had enacted a statute to deal with such specifically.
Analogously, just as a prosecutor cannot evade the statutory requirements of corroboration where a rape was actually committed by charging a lesser or different offense not requiring such stringent proof (People v. Doyle, 31 A D 2d 490; People v. Lo Verde, 7 N Y 2d 114), so similarly he may not evade the strict requirements for proving obscenity where, as here, it is *411 clear that a ‘1 performance ’ ’ was involved as defined in subdivision 3 of section 235.00 of the Penal Law and dealt with under subdivision 2 of section 235.05 of the Penal Law.
While it is true that the law and the Constitution do not protect all performances, communications or “speech”, it is also true that where “ performances ” are involved the People are required to prove that the performance does not come within the constitutionally protected area.
In United States v. Klaw (350 F. 2d 155) it appears that the prosecution therein, as here, only offered a comprehensive and detailed description of the dance, without any supporting or expert testimony. There the court said: 1 ‘ the only predicate for any conclusion about prurient appeal was the material itself, as if res ipsa loquitur” (p. 167, emphasis supplied) “some proof should be offered to demonstrate such appeal, thereby supplying the fact-finders with knowledge of what appeals to prurient interest so that they have some basis for their conclusion.” (p. 166).
A cogent observation by a California court has direct application in this case: ‘ ‘ Our ruling in this case rests on the simple proposition that a dance performed before an audience for entertainment cannot be held to violate the statutory prohibitions of indecent exposure and lewd or desolate conduct in the absence of proof that the dance, tested in the context of contemporary community standards, appealed to the prurient interest of the audience and affronted standards of decency generally accepted in the community * ° * We shall point out that the performance of such a dance, like other forms of expression or communication, prima facie enjoys protection under the First Amendment of the Constitution of the United States; it loses such protection upon a showing of its obscenity. To show such obscenity, however, the prosecution must introduce evidence that, applying contemporary standards, the questioned dance appealed to the prurient interest of the audience and affronted the standards of decency accepted in the community.” (Matter of Qianmni, 69 Cal. 2d 563, 564 — 65, 567; emphasis supplied).
For the reasons above it is the decision of this court that the charge herein should have been brought under subdivision 2 of section 235.05 of the Penal Law, which specifically deals with the type of performances herein alleged but not proved according to the requirements of the law.
Thus, in the absence of any motion to amend the information pursuant to CPL 100.45 and in the absence of proof sufficient to meet the standards for a conclusion of nonprotected obscenity or lewdness, the defendant is found not guilty and discharged.