Memorandum.
Judgment of conviction is affirmed.
Defendant, after a jury trial, was convicted of public lewdness (Penal Law § 245.00). For the first time on appeal, he raised the objection that the statute defining the offense is unconstitutional. We note that the CPL provides such objection must be made before sentence or it is waived (CPL 170.30, subd 1, par [a]; subd 2; CPL 170.35, subd 1, par [c]; see, also, People v Eric K., NYLJ, Dec. 9, 1975, p 9, col 5; People v Friday, NYLJ, April 21, 1975, p 16, col 4). Nevertheless, we hold that the statute is not vague, and is, therefore, constitutional. The test to be applied is whether a reasonable man subject to the statute would be informed of the nature of the offense prohibited and what is required of him (People v Kass, 74 Misc 2d 682, affd 32 NY2d 856). A reasonable man would *255 have no difficulty in determining that the act involved herein falls within the conduct proscribed by this statute.
In addition, the evidence was sufficient to establish defendant’s guilt.
Concur: Glickman, P. J., Pittoni and Gagliardi, JJ.