OPINION OF THE COURT
Richard T. Andrias, J.
The defendant is charged in a one-count information with the crime of sexual abuse in the third degree, a class B *771 misdemeanor defined in section 130.55 of our Penal Law as “subjecting] another person to sexual contact without the latter’s consent”.
At first reading, the allegations herein reveal in the words of the Practice Commentaries (Hechtman, McKinney’s Cons Laws of NY, Book 39, Penal Law, § 130.16, p 457), a “classic case of the furtive buttock pinch in a crowded subway”: “Deponent observed the defendant approaching and crowding several unidentified females and the deponent observed the defendant subjecting an unidentified female to sexual contact without her consent in that the defendant grabbed and tackled the female’s buttocks causing her to jump away from the defendant and to express alarm.” However, closer scrutiny indicates that there is no “victim” or complaining witness in the traditional sense, and, in fact, the People concede in their responsive papers that their entire case will be proved through the testimony of two police officers. Thus, we do not have the “classic case” of an outraged female victim insisting on the prosecution of the defendant, but a rather unique case where the one sexually abused is either unwilling or unable to come forward.[2]
The defense, understandably enough, finds the allegations fatally defective and moves to dismiss the information on the following grounds:
(i) section 130.55 of the Penal Law and its definitional section, subdivision 3 of section 130.00, are unconstitutionally vague as applied to the facts of this case;
(ii) the information is facially deficient under CPL 100.40; and
(iii) because the People will concededly offer only police officer testimony at trial, the prosecution will be unable to sustain their burden of proof on the issue of nonconsent and thus the case should be dismissed at this stage. He argues that the officers’ testimony would be inadmissible hearsay and furthermore defendant would be denied his *772 right to confront the absent, but essential, witness against him.
Defendant’s arguments will be discussed in the order presented.
defendant’s vagueness claim
According to section 130.55 of the Penal Law, a person is guilty of sexual abuse in the third degree “when he subjects another person to sexual contact without the latter’s consent”. Subdivision 3 of section 130.00 defines “sexual contact” as “any touching of the sexual or other intimate parts of a person not married to the actor for the purpose of gratifying sexual desire of either party.”
Defendant moves pursuant to CPL 170.35 (subd 1, par [c]), contending that Penal Law section 130.55, to the extent that it incorporates the definition of sexual contact (§ 130.00, subd 3), is unconstitutionally vague, because no explicit standard as to what constitutes a “sexual or intimate” part is contained anywhere in article 130 of the Penal Law. He argues that this lack of a standard has resulted in judicial confusion as to the statute’s precise meaning. I find this contention to be without merit and thus there is no necessity to notify the Attorney-General pursuant to CPLR 1012 (subd [b]).
A criminal statute must be sufficiently definite, clear and positive to give unequivocal warning to citizens of the rule which is to be obeyed. (People v Byron, 17 NY2d 64.) However, this requirement does not preclude the use of ordinary terms to express ideas which find adequate interpretation in common usage and understanding. (People v Byron, supra, at p 67.) The test as to whether such terms are sufficient and clear is whether a reasonable man subject to the statute would be informed of the nature of the offense prohibited and that which is required of him. (People v Byron, supra, at p 67; see People v New York Trap Rock Corp., 57 NY2d 371.)
In determining whether defendant had fair notice as to what was meant by the Legislature to be a “sexual or intimate part”, one must consider our general societal mores. If a man approaches a woman on the beach and touches her uncovered shoulder, would he be touching an *773 intimate part of her body? If, however, he touched her covered breast or buttocks, the answer would clearly be yes. The female breast and buttocks are, in this community, normally kept covered and concealed and are not touched or fondled without the consent of the one being touched or fondled. Thus it is clear that the reasonable man in this society would consider the acts alleged herein to be proscribed behavior. Courts in this jurisdiction have consistently held the buttocks to be an intimate part within the meaning of the sexual offense statute (Penal Law, § 130.00, subd 3) and that the Legislature clearly intended to insulate that area from nonconsensual touching. (Matter of David M., 93 Misc 2d 545, 548, 549; People v Thomas, 91 Misc 2d 724, 725-726; see, also, People v Kittles, 102 Misc 2d 224.)
As indicated above, the Practice Commentary to section 130.16 of the Penal Law indicates that the furtive buttock pinch in a crowded subway train (nearly the precise conduct the defendant is alleged to have committed) is a classic case of sexual abuse in the third degree (Hechtman, op. cit.).
Accordingly, I conclude that the statute gives adequate warning of the proscribed behavior and that it is constitutional as applied to the present case.
FACIAL DEFICIENCY
Defendant’s second contention is that the information is defective pursuant to CPL 170.35 and 100.40. In order for an information to be facially sufficient it must state the offense with which the defendant is charged and the particular facts establishing each and every element of that offense. (People v Hall, 48 NY2d 927.) The factual part must contain nonhearsay allegations which, if true, support every element of the offense charged and defendant’s commission thereof. (CPL 100.40, subd 1, par [c].)
The essential elements of sexual abuse in the third degree are (i) sexual contact and (ii) the lack of consent. Both of these elements are clear on the face of the information, the full text of which is set out in the first paragraph of this opinion. Deponent alleges that defendant “grabbed and tackled” the victim’s buttocks. These allegations are *774 sufficient to establish the element of “sexual contact” as defined in section 130.00 of the Penal Law. While the People may be hard pressed at trial to meet their evidentiary burden with respect to the intent element of sexual contact (“for the purpose of gratifying sexual desire of either party” [Penal Law, § 130.00, subd 3]), when the allegations themselves are being tested, this element may be inferred from the factual portion of the information. (See People v Weems, NYLJ, Dec. 1, 1980, p 7, col 1 [App Term, 1st Dept].)
As to the issue of nonconsent, there is no requirement in article 130 of the Penal Law that such nonconsent be sworn to by the actual victim. Where the offense charged is sexual abuse, the statute specifically provides that lack of consent may result from “any circumstances, in addition to forcible compulsion or incapacity to consent, in which the victim does not expressly or impliedly acquiesce in the actor’s conduct.” (Penal Law, § 130.05, subd 2, par [c].) Here the officer has alleged such circumstances: “[after] approaching and crowding several unidentified females” defendant acted without the victim’s consent, “causing her to jump away from the defendant and to express alarm.”
Defendant contends that the Practice Commentaries to sexual abuse (Penal Law, § 130.55) supports his contention that the testimony of the victim is essential (“Much of the conduct covered by third degree sexual abuse is of á sort that can be testimonially established only by the ‘victim.’ (See § 130.16 concerning corroboration and Practice Commentary thereunder)” [Hechtman, Practice Commentary, McKinney’s Cons Laws of NY, Book 39, Penal Law, § 130.55, p 487]). As his reference to corroboration indicates, Mr. Hechtman is merely pointing out that much of the conduct covered by this provision needs the victim because it occurs in private and there would.be no other way to prove it without the victim. This incident occurred in public and while the absence of the victim at trial may be a factor for the trier of fact to consider in determining whether the People have met their burden of proof, the victim’s testimony is not essential at this stage to make out prima facie cases of (i) sexual contact and (ii) lack of consent.
*775 Finally, the court notes that the deponent’s observations are admissible under numerous exceptions to the hearsay rule: as nonassertive conduct (see Richardson, Evidence [10th ed], § 202); as evidence of the victim’s state of mind (Richardson, op. cit., § 205); or as a spontaneous declaration (Richardson, op. cit., § 281).
Accordingly, for the limited purpose of determining facial sufficiency, the court finds the above allegations sufficient to support the elements of sexual contact and lack of consent and that the information properly alleges the crime of sexual abuse in the third degree.
BURDEN AT TRIAL
The sole issue before the court at this stage of this proceeding is whether the charges against the defendant meet statutory and constitutional standards sufficient to enable the People to bring this case to trial. With respect to the alleged hearsay nature of certain aspects of this information, the court has ruled that the allegations meet the requirements of CPL 100.40 (subd 1, par [c]). The issues of admissibility of testimony at trial and the defendant’s alleged inability to confront the “victim” are issues for the Trial Judge and I will not rule prospectively on those issues.
Accordingly, this branch of the defendant’s motion is denied.

. According to the court’s research, this is apparently a case of first impression, at least as far as reported case law in this jurisdiction is concerned. There have, however, been similar unreported cases in the jurisdiction. (For instance, see People v Miller, Criminal Ct, NY County, docket No. 2N042203, Gold, J., where a defendant was charged with subjecting four unidentified females on a subway platform to sexual contact. Defendant was convicted after trial.)