OPINION OF THE COURT
Leslie C. Snyder, J.
The defendant was charged in a misdemeanor information with sexual abuse, third degree, and public lewdness. The information alleged that on May 10, 1983, Police Officer Corkran observed defendant in the subway station at 14th Street and Lexington Avenue, a public place, “rub his covered erect penis against the buttock [sic] of three *724 unidentified females, without their consent, and observed the defendant stroking his covered erect penis with his hand.”
The defendant has made numerous motions addressed to each of the two charges.
I. PUBLIC LEWDNESS
A. Defendant claims that the portion of the information alleging public lewdness is defective:
1) in that it fails to allege that defendant committed a lewd act within the meaning of section 245.00 of the Penal Law; and
2) in that it fails to allege an element of the offense charged, to wit, that defendant “intended to be observed.”
B. Defendant also claims section 245.00 of the Penal Law is unconstitutionally “vague and overbroad” in proscribing “any other lewd act.”[1]
II. SEXUAL ABUSE THIRD DEGREE
Defendant originally moved to have section 130.55 of the Penal Law dismissed as unconstitutionally vague in that it fails to define the term “sexual contact” with sufficient precision.
Further, defendant claimed that the three alleged victims of sexual abuse were unknown to the prosecution and would not testify at defendant’s trial, thereby creating a legal impediment to the conviction of the defendant for the charge of sexual abuse, third degree, since the prosecution will be unable to establish the element of nonconsent beyond a reasonable doubt.
On July 15, 1983, this court, with the People’s consent, dismissed the sexual abuse count. The People moved to restore that count on August 29,1983, and this application was granted over the defendant’s objection. Defendant now claims that no new facts were alleged by the District Attorney and that the District Attorney’s motion is “in the nature of a motion to reargue” and should be denied pursuant to CPLR 2221 and 2214, inter alia, and that the *725 District Attorney failed to appeal this court’s dismissal of the count within the time period required by CPL 460.10 (subd 1, par [a]). Therefore, the defendant asks that this court deny the People’s “motion to reargue.”
With respect to the defendant’s challenges to the public lewdness statute, I rule as follows:
The information does charge defendant with committing an act within the meaning of section 245.00 of the Penal Law.
Section 245.00 prohibits the intentional exposure of the “private or intimate parts” of the body in a “lewd manner or * * * any other lewd act (a) in a public place”.
I find that the defendant has misconstrued section 245.00 of the Penal Law in two ways.
First, while it is obviously true that this defendant is not charged with indecent exposure, subdivision (a) of section 245.00 of the Penal Law clearly intends to cover “any other [intentional] lewd act * * * in a public place” (subd [b] of the section will not be addressed here) and is in no way limited to acts of “exposure.”
Our Legislature intended to expand the scope of section 245.00 beyond acts of “exposure” alone. This conclusion is inevitable from an examination of predecessor statutes. In 1895, section 316 of the Penal Code of the State of New York was the analogous statute of the analogous chapter of the Penal Code. (The chapter was entitled “Indecent Exposures, Obscene Exhibitions, Books, and Prints”.) It was limited to acts of exposure: “§ 316. Exposure of person. — A person who willfully and lewdly exposes his person, or the private parts thereof, in any public place, or in any place where others are present, or procures another so to expose himself, is guilty of a misdemeanor.”
Thus, historically, in 1895, our Legislature intended to encompass acts of exposure alone within the purview of this statute. The intent to expand the statute to encompass other acts as well is clear from the current expanded language, enacted in 1967.
It is clear that rather than “lewd act” being limited by the preceding language of the statute (“intentionally exposes the private or intimate parts of his body in a lewd *726 manner or”), the words clearly intend to expand the scope of the statute beyond mere exposure, to similar but different kinds of acts. As defendant points out, in enacting this statute, the Legislature intended to protect the “unsuspecting, unwilling, nonconsenting, innocent, surprised or likely-to-be offended or corrupted types of viewers” from being the target of lewd acts. (People v Conrad, 70 Misc 2d 408, 410; People v Ventrice, 96 Misc 2d 282, 288.) By the very words of the statute, its drafters intended protection of the public from intentional lewd acts committed in public other than exposure alone.
Penal statutes, while strictly construed at common law, are to be interpreted in this State in accordance with their natural, plain meaning and the “fair import of their terms”. (Penal Law, § 5.00; People v Ditta, 52 NY2d 657, 660.)
Applying the well-known canon of statutory construction of ejusdem generis, initial, specific statutory provisions set the context for and clarify the meaning of subsequent, more general statutory provisions.
As our Court of Appeals has stated: “[W]hen foreseeable circumstances are too numerous or varied for particular enumeration, the Legislature, employing the familiar principles of ‘ejusdem generis’ may permissibly rely on the courts to give content to the phrase.” (People v Illardo, 48 NY2d 408, 416.)
In the instant case, defendant’s actions of repeatedly stroking his covered erect penis in public, in addition to rubbing his covered erect penis against the buttocks of three females, in public, is exactly the kind of behavior which the Legislature intended to encompass by utilizing the phrase “any other lewd act” in the context of section 245.00. While the defendant’s acts involved no actual exposure of the genitals, they are analogous and fall within the same kind or category of act directing the public’s attention to the genital area. An erect penis has been ruled an indication of sexual activity. (People v Clark, 60 Misc 2d 1073, 1074.)
Further, courts interpreting section 245.00 of the Penal Law and its predecessors have recognized that the gravamen of the crime charged is not exposure of the genitals *727 but lewd public behavior. In People u Price (33 NY2d 831), the Court of Appeals reversed the conviction of a woman whose breasts were visible through her shirt not because she was covered but because nothing in the case indicated that she had exposed herself with lewd intent. (Supra, at p 832.) In People v Gilbert (72 Misc 2d 75), the court found that lewd intent had not been shown beyond a reasonable doubt and reversed the conviction of a nude sunbather whose activities while uncovered were “completely wholesome, normal and usual”. (Supra, at p 77.)
In addition, courts have found material obscene, regardless of whether that material contained actual genital exposure. The portrayal of genitals in the context of sexual activity, not exposure of the genitals, is the significant factor. (People v Clark, supra; People v Ventrice, supra, at pp 286-287.)
Examining article 245 of the Penal Law as a whole, section 245.10 defines terms used in the prohibition of the display of offensive sexual material. It contains no requirement that such material depict exposed genitals. Sexual conduct here is defined to include masturbation of “clothed or unclothed” genitals. (Penal Law, § 245.10, subd 2.)
By analogy, as well as by common sense, the Legislature intended the acts of which defendant is accused to be punished. No lewd and offensive public display will be tolerated, and certainly not in person.
The acts with which defendant is charged fall clearly within the statutory prohibitions of section 245.00 of the Penal Law, a section of an article of the Penal Law entitled “Offenses Against Public Sensibilities.”
Second, it is this court’s opinion that both the prosecution and defense are incorrect in stating that subdivision (a) of section 245.00 contains any requirement that defendant must act “with intent that he be so observed.” Subdivision (a) — the only relevant section of the statute to this case — requires that a person act “intentionally.” However, it is subdivision (b) which requires that defendant in private premises act “with intent to be observed.” Without this qualifying phrase, subdivision (b) would be overbroad and unconstitutional as it would seek to prohibit private “lewd” behavior which was in no way intended to intrude *728 upon public sensibilities. It might well encompass sexual activity between consenting adults. This our Constitution will not and should not tolerate.
In contrast, any intentional lewd act committed in public can be proscribed regardless of whether defendant intended that he be observed. Thus, if defendant intentionally exposes his genitals or masturbates through his clothes in public, there is every reasonable expectation that he will be observed and that such offensive conduct should be proscribed, whether or not he intended to be observed while committing the act.
The only requirement of intent which is applicable here is that the relevant portion of subdivision (a) of section 245.00 requires an intentional “other lewd act” in a public place.
It is true that the People’s information fails to state the legal term “intentionally.” However, the information contains ample facts from which such intent can be inferred. (People v Weems, NYLJ, Dec. 1, 1980, p 7, col 1 [App Term, 1st Dept].)
Third, this court need not reach the issue of the constitutionality of section 245.00 of the Penal Law which defendant challenges. Defendant has no standing to challenge the statute if his conduct falls within the prohibition of the statute, even if the statute under other circumstances not before the court might be unconstitutionally vague. (Broadrick v Oklahoma, 413 US 601, 610-611; Parker v Levy, 417 US 733, 755-756; accord Hoffman Estates v Flipside, Hoffman Estates, 455 US 489, 503-504, reh den 456 US 950; People v Cruz, 48 NY2d 419, 423-424, app dsmd sub nom. Cruz v New York, 446 US 901.)
The exceptions to this rule are limited primarily to the area of First Amendment challenges. There, attacks for overbreadth are permitted and the person making the attack is “not required [to] demonstrate that his own conduct could not be regulated by a statute drawn with the requisite narrow specificity.” (Dombrowski v Pfister, 380 US 479, 486.) Hov/ever, when a statute might be applied validly to any number of situations, “facial invalidation is inappropriate” even if the statute might marginally in *729 fringe on some protected areas. (Parker v Levy, supra, at p 760.)
Nevertheless, an analysis of defendant’s arguments is appropriate.
Defendant contends that the phrase “any other lewd act” contained in section 245.00 of the Penal Law is unconstitutional on its face as unconstitutionally vague and as unconstitutionally overbroad in its sweep.
This court does not agree.[2]
First, the defendant has the heavy burden of overcoming the presumption of constitutionality cloaking every duly enacted statute. (People v Pagnotta, 25 NY2d 333, 337; Hotel Dorset Co. v Trust for Cultural Resources, 46 NY2d 358, 370.)
Does the phrase “any other lewd act” fail to give a person of ordinary intelligence fair notice that his intended conduct is forbidden? It is this court’s view that it does not.
The constitutional requisite that a statute be sufficiently informative on its face serves a twofold purpose: to alert all persons that their conduct must conform to certain standards and to guide Judges and others who must administer the law. (People v Illardo, 48 NY2d, at p 413, and cases cited therein.) Further, arbitrary and discriminatory administration by law enforcement officials is a grave threat posed potentially by any vague or overbroad law. (Supra, at p 414.)
Nevertheless, statutory language cannot be mathematically precise and ordinary terms which convey “ ‘ “sufficiently definite warnings as to the proscribed conduct when measured by common understanding and practices [are sufficient]” ’ (Miller v California, 413 US 15, 27-28, n *730 10 [reh den 414 US 881] quoting Roth v United States, 354 US 476, 491-492 * * *).” (Cited in People v Illardo, supra, at p 414.)
While the term “any other lewd act” may not conjure up the same specific acts to every person, the ordinary citizen will have a “reliable, if visceral, response” to them. (People v Illardo, supra, at p 415, citing Jacobellis v Ohio, 378 US 184, 197 [“I know it when I see it” Stewart, J.].)
Due process does not require a Legislature to enumerate specifically every proscribed act to assure that a statute pass constitutional muster. This would not be possible. A statute is not constitutionally vague if it defines the prohibited conduct in sufficient detail to give notice to ordinarily intelligent people and to prevent arbitrary enforcement. (Kolender v Lawson, 461 US 352,_, 103 S Ct 1855, 1857, 1858; People v Cruz, supra.)
One must turn to the obscenity area for analogy. The United States Supreme Court has stated: “Many decisions have recognized that these terms of obscenity statutes are not precise * * * lack of precision is not itself offensive to the requirements of due process” as long as the language puts a reasonable person on notice of what conduct is proscribed. (Roth v United States, 354 US 476, 491.)
The American Heritage Dictionary of the English Language defines “lewd” as “licentious; lustful; obscene” and defines “licentious” as “lacking moral discipline or sexual restraint,” or “having no regard for accepted rules or standards.”
The language utilized in section 245.00 consists of well-known terms with commonly accepted meanings. (People v Gilbert, 72 Misc 2d 75, supra.)
Surely rubbing one’s erect penis, albeit covered, against the buttocks of three females and stroking one’s covered erect penis with one’s hand are acts which fall well within the purview of the dictionary definition of lewd and concerning which an average citizen would be put on notice as acts which “have no regard for accepted rules” and “lack sexual restraint.”
This court has studied the comprehensive decision concerning a similar 1974 District of Columbia statute {Dis *731 trict of Columbia v Walters, 319 A2d 332 [DC Ct App]) and disagrees with its conclusion finding that statute unconstitutionally vague in failing to give adequate notice of prohibited conduct. However, its conclusion that the Legislature must establish minimal guidelines to ensure uniform police enforcement should be considered here. Our Legislature should consider drafting a more specific statute to assist in ensuring uniform law enforcement.[3]
In any event, the Walters (supra) decision has been more than neutralized by other decisions. First, in United States ex rel. Huguley v Martin (325 F Supp 489, 490, n 1), the United States District Court found that section 26-6101 of the Code of Georgia Annotated was not unconstitutionally vague despite its extremely broad language (“Any person who shall be guilty of open lewdness or any notorious act of public indecency tending to debauch the morals shall be guilty of a misdemeanor”). After analyzing the language and finding no Georgia cases specifically defining the offense of “open lewdness,” the court considered the general meaning of the statutory words and found that a person of ordinary intelligence would have fair notice of what conduct is “lewd.” (It is interesting to note, however, that the Georgia statute had been superseded by a more specific statute at the time of this decision and the court was aware of the new statute.) Cases finding words such as “lewd” unconstitutionally vague were distinguished as dealing with First Amendment rights, where more exacting standards of precision apply.
In Commonwealth v Heinbaugh (467 Pa 1, 3-4), the Pennsylvania “open lewdness” statute (“A person commits a misdemeanor * * * if he does any lewd act which he knows is likely to be observed by others who would be *732 affronted or alarmed”) was upheld as not unconstitutionally vague. Examining the facts at hand, since the challenge did not involve a First Amendment freedom, the court found that the requirements of due process were satisfied if the statute provided reasonable standards to guide the prospective conduct. The court also referred to the common-law offense of open lewdness, stressing that statutes which embody such standards are to be viewed differently — and need not be as precisely drawn — than statutes which attempt to circumscribe newly proscribed conduct.
In 1979, the Supreme Court of Hawaii sustained the constitutionality of its open lewdness statute (“A person commits the offense of open lewdness if in a public place he does any lewd act”) rejecting appellant’s contention that it was void for vagueness. (State v Luhnow, 597 P2d 15 [Hawaii].) See State v Cota (99 Ariz 233), upholding the constitutionality of a statute proscribing any “lewd or indecent act.”
And in answer to any argument that a statute like section 245.00 of the Penal Law may violate First Amendment rights, the United States Supreme Court has made clear that obscene matter falls outside the purview of the First Amendment; so must intentional lewd acts committed in a public place.
Further, section 245.00 of the Penal Law seeks to regulate conduct as opposed to speech. Statutes that seek to regulate primarily conduct and have only marginal impact on expressive activity are not susceptible to challenges for overbreadth. (Parker v Levy, 417 US, at pp 759-761.)
Clearly, one must be extremely cautious in applying any statute which purports to limit freedom of expression. Such statutes, especially when drafted in broad terms, “must be carefully construed to attack the particular evil at which they are directed”. (People v Price, 33 NY2d 831, 832, citing Matter of Excelsior Pictures Corp. v Regents of Univ., 3 NY2d 237, 244-245.) They must never be applied to an accidental act devoid of lewd intent.
However, no reasonable person, in this court’s view would argue that the alleged “conduct” or expression of the *733 defendant here, if intentionally committed in a public place, should be protected.
III. MOTION TO RESTORE
(1) The People may restore the count of sexual abuse in the third degree to the information. In fact, this application was granted after oral argument shortly after the count was dismissed.
The court rejects defendant’s two arguments that this count should not be restored.
First, the prosecution has broad discretion in determining the charges in a criminal proceeding until the actual commencement of trial. (People v Williams, 120 Misc 2d 68, 78, and authorities cited therein; CPL 100.45, subd 3.) Thus, the People could supersede the present charging document and add a count of sexual abuse, third degree. The court here is reinstating supported sworn factual allegations already before it by restoring this charge. The Criminal Procedure Law places no limit on the People’s right to do this. There is no requirement, by statute or case law, that the prosecution comply with the reargument provisions of the CPLR as defendant contends.
Second, the count may be restored although the Assistant District Attorney handling the calendar consented to the dismissal. In contrast to the case cited by defendant (People v Archer, NYLJ, Oct. 14,1981, atp 14, col 5), where the case was in trial posture and the People dismissed all charges against defendant, inter alia, the instant case contains a class B misdemeanor charge which remained in the case even after dismissal of the count of sexual abuse, third degree. Both charges, public lewdness and the sexual abuse, are B misdemeanors. Both flow from the same incident. Thus, the defendant will have no greater exposure, either in terms of his record or potential sentence, if the court restores the sexual abuse charge. (Penal Law, § 70.25, subd 2.) Further, here defendant asked for the dismissal based upon an erroneous point of law concerning the requirement that the victim be present to testify in a sexual abuse case. Defendant should not be allowed to benefit from that error.
*734 (2) Defendant also contends that there is a legal impediment to his conviction on the charge of sexual abuse, third degree, because the People will not have testimony from any of the three women the defendant is charged with abusing and will rely exclusively upon police observations. In support of this position, defendant cites a portion of the Practice Commentaries relating to section 130.55 of the Penal Law: “[m]uch of the conduct covered by third degree sexual abuse is of a sort that can be testimonially established only by the ‘victim’.” (Hechtman, Practice Commentaries, McKinney’s Cons Laws of NY, Book 39, Penal Law § 130.55.) However, other related Practice Commentaries such as that to section 130.16 of the Penal Law concerning corroboration underscore that it is when the conduct referred to occurs in private, as is often true under article 130, that the testimony of the victim is necessary as the exclusive method of proving the act. Obviously this is not applicable to the acts charged here.
Further, section 130.05 (subd 2, par [c]) of the Penal Law specifically defines lack of consent in sexual abuse cases to include “any circumstance * * * in which the victim does not expressly or impliedly acquiesce” (emphasis added).
If a witness observes conduct such as that alleged here, the only reasonable inference to be derived from that conduct is a lack of consent of the victim(s) — here alleged to be the three women riding the subway, having no relationship to defendant. If these observations, in this context, be believed beyond a reasonable doubt, there is not legal impediment to conviction. Whether the trier of the fact considers the lack of such victims’ testimony a relevant factor at trial is a different issue not necessary to consider here. (People v Victor P., 120 Misc 2d 770.)
(3) Sexual abuse in the third degree is not unconstitutionally vague as applied to this case.
A discussion concerning the notice which must be given to the public by any statute to satisfy due process will be found, supra, at pages 728-732, relating to the public lewdness statute. The same reasoning when applied to section 130.55 results in one conclusion: it is sufficiently definite and clear to give unequivocal warning to citizens of the rule to be obeyed. (People v Byron, 17 NY2d 64.)
*735 Due process of law does not require mathematical precision in statutory draftmanship. If the law defines the prohibited conduct in sufficient detail to give ordinarily intelligent people reasonable notice and to preclude arbitrary enforcement, the law is not unconstitutionally vague. (Kolender v Lawson, 461 US 735,_, 103 S Ct 1855, 1858-1859, supra; People v Cruz, 48 NY2d 419, 423-424, supra.)
Our courts have held that the buttocks of a person is indeed an “intimate” part of the body for the purposes of this statute. (People v David M., 93 Misc 2d 545, 548-549; People v Thomas, 91 Misc 2d 724, 725-726; People v Victor P., 120 Misc 2d 770, supra; see, also, People v Kittles, 102 Misc 2d 224.) Any reasonable person in our society would consider the acts here charged to be proscribed. Any reasonable person has notice upon reading subdivision 3 of section 130.00 of the Penal Law that the buttocks is an intimate part of the body within the meaning of that section.
This court finds that the buttocks is an intimate part of the body within the meaning of subdivision 3 of section 130.00 of the Penal Law and that the “covered erect penis” of the defendant is an intimate part of the body falling within the scope of that statute as well. Any unconsented contact between defendant’s “intimate” part and the victim’s constitutes a violation of section 130.55 of the Penal Law. (People v Ditta, 52 NY2d 657, supra; see, e.g., People v Teicher, 52 NY2d 638.)
Section 130.55 of the Penal Law is not unconstitutionally vague as applied to this case.
Defendant’s motions are denied in all respects.

. This appears to be an issue of first impression. The only reported decision concerning the constitutionality of section 245.00 of the Penal Law refers to that portion of the statute concerning actual exposure of the intimate parts of the defendant. (People v Sullivan, 87 Misc 2d 254 [App Term, 2d Dept].)

. Defendant’s argument attacking section 245.00 of the Penal Law deals primarily with concepts concerning vagueness, although he attacks the statute in conclusory fashion as both “vague” and “overbroad.” It has been pointed out that a “vague” statute “fails adequately to describe what conduct is prohibited”. If found vague, it is, therefore, unsalvageable even though it may not necessarily prohibit constitutionally protected behavior. In contrast, a potentially overbroad statute may be upheld as applied with no necessity of considering conduct not before the court which might well void the statute. (District of Columbia v Walters, 319 A2d 332, 337, n 10 [DC Ct App].) While this court rejects both branches of defendant’s attack, section 245.00 of the Penal Law is far from a “perfect” statute (if such exists) and a legislative redrafting of a more specific statute would be desirable although not constitutionally essential. See further discussion of Walters infra, at pp 730-731, and other cases dealing with this issue.

. While it is not the role of a Judge to propose new legislation, it is respectfully suggested that a new public lewdness statute be enacted along the following lines:
A person is guilty of public lewdness when he or she intentionally engages in sexual conduct, including but not limited to exposure of the genitals or intimate parts of the body (a) in a public place, or (b) in private premises under circumstances in which he or she may readily be observed from either a public place or from other private premises, and with intent that he or she be so observed.
Sexual conduct is defined in section § 245.10 (subd z) of the Penal Law which is amended to read:
Sexual conduct means an act of masturbation, sexual intercourse, oral or anal intercourse, or physical contact with a person’s clothed or unclothed genitals, pubic area, buttocks, or the hreast of a female.