■ In the Matter of PAUL R., Appellant.—In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Suffolk County (Hurley, J.), entered May 2, 1986, which, upon a fact-finding order of the same court dated August 19, 1985, made after a hearing, finding that the appellant had committed an act which, if committed by an adult, would have constituted the crime of public lewdness, placed him on probation for a period of two years. The appeal brings up for review the fact-finding order dated August 19, 1985.

Ordered that the order of disposition is affirmed, without costs or disbursements.

Although we believe that the Judge presiding at the hearing abused his discretion in sua sponte reopening the presentment agency's case after it had rested and after a motion had been made by the appellant to dismiss the petition for failure to make out a prima facie case, the error was harmless (cf., People v Yut Wai Tom, 53 NY2d 44, 56-57; Matter of Sean C., 124 AD2d 583). The evidence presented prior to reopening was

sufficient to support the conclusion that the appellant committed an act which, if committed by an adult, would have constituted the crime of public lewdness within the meaning of Penal Law § 245.00. Penal Law § 245.00 prohibits the intentional exposure of "the private or intimate parts" of the body "in a lewd manner" or the commission of "any other lewd act" either in a public place, or "in private premises under circumstances in which he may readily be observed from either a public place or from other private premises". Contrary to the appellant's interpretation of Penal Law § 245.00, we do not read the statute as being limited to acts of exposure *(see, People v Darryl M., 123 Misc 2d 723, 725)*. Thus, the complainant's testimony that the appellant was masturbating and making obscene remarks to her daughter in front of a window of his residence in full public view was sufficient to demonstrate conduct proscribed by the phrase "any other lewd act" in the context of Penal Law § 245.00 *(People v Darryl M., supra, at 726)*.

We further hold that, under the facts of this case, the hearing court did not err in drawing an unfavorable inference against the appellant for his failure to call his brother or sister-in-law as witnesses to support his alibi inasmuch as these witnesses "would be favorable to him and hostile to the prosecution and the testimony would not be trivial or cumulative" *(People v Wilson, 64 NY2d 634, 636, citing People v Rodriquez, 38 NY2d 95; cf., People v Wynn, 121 AD2d 665; People v Williams, 112 AD2d 177, 178)*.

Finally, we perceive no reason to disturb the hearing court's findings. The appellant's arguments center on issues of credibility which were primarily for the hearing court to resolve *(see, People v Gruttola, 43 NY2d 116; Matter of Dennis N., 110 AD2d 703)*. Upon the exercise of our factual review power, we are satisfied that the appellant's guilt was established beyond a reasonable doubt, and the determination of the Family Court was not against the weight of the evidence. Thompson, J. P., Brown, Niehoff and Spatt, JJ., concur.