The People of the State of New 
 York, Respondent, 
against
Luis Chang-Correa, Defendant-Appellant.



Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Anthony J. Ferrara, J.), rendered August 6, 2013, after a nonjury trial, convicting him of public lewdness, and imposing sentence.




Per Curiam.
Judgment of conviction (Anthony J. Ferrara, J.), rendered August 6, 2013, affirmed.
We find unavailing defendant's challenge to the facial sufficiency of the accusatory instrument charging public lewdness (see Penal Law § 245.00). The information, comprising the misdemeanor complaint and the supporting deposition of the arresting officer alleged, inter alia, that defendant was observed at a specified McDonald's restaurant "fondling his [clothed] penis through his pocket with his hand, which was in his pocket, and rubbing his penis against the buttocks of [the female victim] ..., while wearing sweatpants and while [the victim] was in line . . . and facing away from the defendant," and that the arresting officer further observed defendant "slowly move closer to [the victim] from behind until his groin was against her and then rub his groin against her from behind while she was facing forward." These factual allegations, "given a fair and not overly restrictive or technical reading" (People v Casey, 95 NY2d 354, 360 [2000]), are sufficient for pleading purposes to establish reasonable cause to believe and a prima facie case that defendant engaged in the type of conduct proscribed by Penal Law § 245.00(a), i.e., a "lewd act in a public place." Contrary to defendant's interpretation of Penal Law § 245.00, we do not read the statute as being limited to acts of exposure (see Matter of Paul R., 131 AD2d 764 [1987]; People v Darryl M., 123 Misc 2d 723, 725 [Crim Ct NY County 1984]) or requiring that the "genitalia be uncovered" (People v Horner, 300 AD2d 841, 843 [2002]).
The trial evidence, viewed in the light most favorable to the People, was legally sufficient to establish defendant's guilt of public lewdness (see People v Danielson, 9 NY3d 342, 349 [2007]). Moreover, after applying the appropriate standard of review (see id. at 348-349), we conclude that the verdict was not against the weight of the evidence (see People v Romero, 7 NY3d 633, 643-644 [2006]). There is no basis for disturbing the court's credibility determinations. The credited eyewitness police testimony, which included the detailed [*2]description of the hand movements made by the defendant, was sufficient to establish beyond a reasonable doubt the "lewd manner" of defendant's conduct (see Penal Law § 245.00; People v Fisher, 26 Misc 3d 128[A], 2009 NY Slip Op 52644[U] [App Term, 1st Dept 2009], lv denied 14 NY3d 840 [2010]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur 
Decision Date: September 21, 2016