OPINION OF THE COURT
Charles J. Heffernan, Jr., J.
This case presents the question whether defendant’s motion *678 for an order setting aside the verdict in this case pursuant to CPL 330.30 (1) should be granted on the ground that the statute of which he has been convicted of attempting to violate is unconstitutional as applied to the circumstances at bar. For the reasons which follow, the motion should be denied in all respects.
Introduction
On September 28, 2000, defendant was convicted after a jury trial of two counts of the class A misdemeanor of an attempt to commit the crime of possessing a sexual performance by a child (Penal Law §§ 110.00, 263.16). The theory advanced by the People, and apparently credited by the jury, is that defendant knowingly attempted to possess two photographs, each of which depicted a “sexual performance” under Penal Law § 263.00 (1), in the form of “sexual conduct” under Penal Law § 263.00 (3), in that they each contained a “lewd exhibition of the genitals” of his two daughters, who were 5 and 7 years old, respectively, when the photographs were taken.
The evidence which the People adduced at trial is that on September 13, 1999 defendant went to a Genovese Drug Store in Queens County , and presented a roll of film for developing. Genovese later developed the roll of film, revealing, among other photographs, one depicting two naked female children on a bed, each bending down with her face in a pillow, with her anus and vagina up, facing the camera; and another, depicting a frontal view of the same two children on a stage, naked from the waist down, with legs spread apart, affording a full exposure of their vaginas, while the children feigned reading books while wearing what appear to be theatrical sets of eyeglasses. The parties at trial concurred that the two children depicted in the photographs are defendant’s daughters, who were in fact 5 and 7 years old, respectively, when the photographs were shot by defendant in Florida in August 1999, and that defendant asked his daughters to pose for the photographs.
Pursuant to store policy, Genovese deemed the photographs to be such as might subject it to criminal liability, declined to develop the negatives for defendant, and instead gave them to the police. Defendant was subsequently arrested and prosecuted for the above crimes.
Defendant has filed a motion for the above relief, relying principally on his argument that even if otherwise constitutional, Penal Law § 263.16 is unconstitutional as applied to the *679 facts at bar.[1] The People have filed papers in opposition to the motion.
The Instant Motion
The statute governing this motion, CPL 330.30, reads in pertinent part as follows:
“At any time after rendition of a verdict of guilty and before sentence, the court may, upon motion of the defendant, set aside or modify the verdict or any part thereof upon the following grounds:
“1. Any ground appearing in the record which, if raised upon an appeal from a prospective judgment of conviction, would require a reversal or modification of the judgment as a matter of law by an appellate court.”
A court may deny such motion without a hearing if the moving papers do not allege any ground constituting a legal basis for the motion, or do not contain sworn allegations of all facts essential to support the motion (CPL 330.40 [2] [e] [i], [ii]). Defendant’s Position
Defendant begins with the familiar principle that a penal statute is void for vagueness when it (1) fails to adequately place the public on notice as to what specific conduct the statute proscribes, and (2) fails to provide proper guidance to the finder of fact in discharging its function. He argues that the void for vagueness principle takes on heightened significance when the statute at issue seeks to regulate and punish acts “at the edges of constitutionally-protected conduct.”[2] Defendant then likens this case by extension to cases engaging the First Amendment, and particularly what is euphemistically termed “adult material,” citing Rabeck v New York (391 US 462 [1968]), Miller v California (413 US 15 [1973]), and New York v Ferber (458 US 747 [1982]).[3] Defendant argues that although Miller *680 included “representations of depictions [containing] lewd exhibition of the genitals” as among the items which a state statute could “define for definition,” it carefully limited such list by preceding it with the phrase “patently offensive.” When enacting the statute here at issue, Penal Law § 263.16, the New York Legislature not only dropped the phrase “patently offensive,” but also neglected to define what it meant by a “lewd exhibition of the genitals.”[4] Thus, defendant asserts, the very act prohibited “cries out in vain for definition.”[5]
The crux of defendant’s argument lies in his interpretation of the cautionary language which the Court used in Ferber (supra) in noting the possibility that Penal Law § 263.15 — a statute identical in pertinent part to Penal Law § 263.16— might reach conduct which is constitutionally exempt from criminalization:[6]
“While the reach of the statute is directed at the hard core of child pornography, the Court of Appeals was understandably concerned that some protected expression, ranging from medical textbooks to pictorials in the National Geographic *681 would fall prey to the statute. How often, if ever, it may be necessary to employ children to engage in conduct clearly within the reach of § 263.15 in order to produce educational, medical, or artistic works cannot be known with certainty. Yet we seriously doubt, and it has not been suggested, that these arguably impermissible applications of the statute amount to more than a tiny fraction of the materials within the statute’s reach. Nor will we assume that the New York courts will widen the possibly invalid reach of the statute by giving an expansive construction to the proscription on ‘lewd exhibitionfs] of the genitals.’ Under these circumstances, § 263.15 is ‘not substantially overbroad and * * * whatever overbreadth may exist should be cured through case-by-case analysis of the fact situations to which its sanctions, assertedly, may not be applied‘ Broadrick v. Oklahoma, 413 U.S., at 615-616” (New York v Ferber, supra, at 773-774 [emphasis added]).
Defendant urges that the instant situation, where he took a small number of nude photographs of his daughters, with no evidence that he intended to do anything with the photos other than to place them in the children’s scrapbooks, is a “perfect example of a New York court’s impermissibly widening ‘the possibly invalid reach of the statute by giving an expansive construction to the proscription on lewd exhibition [s] of the genitals.’ ”[7]
The People’s Position
While the People concur that the Supreme Court in Ferber (supra) found a slight possibility that statutory language identical to that here engaged may impermissibly reach otherwise constitutionally protected forms of expression, they argue that the instant photographs do not involve expression possessing educational, scientific or artistic value. Rather, “[t]his case is about a man who undressed his children, posed them in a sexually provocative manner in an unmade bed, and then took photographs of their vaginas. A day later, he took them to an empty ‘rec room’ and repeated the same process on *682 a stage.”[8] Accordingly, the People argue that this type of exploitation of children produces the harm which the Court in Ferber found properly embraced by the New York statute.[9]
The Legal Analysis
It is significant that defendant offers no case law to support his contention that Penal Law § 263.16, as applied to him on the instant facts, is unconstitutional. Rather, the thrust of his argument is a form of speculation that this case may violate the Supreme Court’s cautionary language in New York v Ferber (supra, at 773) that courts of this State not “widen the possibly invalid reach of the statute by giving an expansive construction to the proscription on ‘lewd exhibition [s] of the genitals.’ ”
Thus, in determining whether the instant jury invalidly applied Penal Law § 263.16 to defendant, it is necessary to determine whether defendant’s conviction for attempted possession of the instant photographs of his daughters is the result of just such an impermissible construction.
As a starting point in this analysis, it must be noted that defendant is correct that the Penal Law of this State does not define either the term “lewd” or the element “lewd exhibition of the genitals” under Penal Law § 263.00 (3). As it happens, however, many Federal courts and those in other States have been called to interpret statutes containing elements similar or identical to “lewd exhibition of the genitals,” but also lacking a statutory definition thereof. It is helpful, therefore, to look to that corpus of decisional law. As developed below, that review yields a set of standards that have been widely applied nationally in evaluating whether a photograph of a child constitutes a “lewd exhibition of the genitals.”
Those norms were first articulated in United States v Dost (636 F Supp 828 [SD Cal 1986], affd sub nom. United States v *683 Wiegand, 812 F2d 1239 [9th Cir 1987], cert denied 484 US 856). There, the United States District Court for the Southern District of California was called upon to determine whether photographs of two young females, 14 and 10 years old, respectively, constituted “sexually explicit conduct” under 18 USC § 2255 (2) (E) by being a “lascivious exhibition of the genitals or pubic area.”[10] Noting that prior to a 1984 amendment of that statute, only one case had interpreted its language as to the meaning of “lewd exhibition of the genitals,” the court rejected such definition as too restrictive. [11] Instead, the Dost court identified six factors that should guide courts in deciding whether photographs of children satisfy the Federal standard under that statute. As one court has put it in a context similar to that at bar, the Dost factors also “serve to distinguish between the innocent family photo or artistic depiction of a nude child and the victimization of that child in the creation of child pornography.” (United States v Villard, 700 F Supp 803, 812 [D NJ 1988], affd 885 F2d 117 [3d Cir 1989] .)[12]
The Dost factors are:
*684 (1) whether the focal point of the visual depiction is on the child’s genitals;
(2) whether the setting, of the visual depiction is sexually suggestive, i.e., in a place or pose generally associated with sexual activity;
(3) whether the child is depicted in an unnatural pose, or in inappropriate attire, considering the age of the child;
(4) whether the child is fully or partially clothed, or nude;
(5) whether the visual depiction suggests coyness or a willingness to engage in sexual activity; and
(6) whether the visual depiction is intended or designed to elicit a sexual response in the viewer.
In addition to widespread adoption by Federal courts interpreting relevant provisions of the United States Code, the Dost test has been applied by the Supreme Courts of Illinois and Nebraska, as well as by other State appellate courts which have been called upon to determine whether a contested photograph qualifies as a “lewd exhibition of the genitals” under State statutes similar, though not identical, to Penal Law § 263.16. (People v Lamborn, 185 Ill 2d 585, 708 NE2d 350 [1999]; State v Saulsbury, 243 Neb 227, 498 NW2d 338 [1993]; People v Kongs, 30 Cal App 4th 1741, 37 Cal Rptr 2d 327 [Ct App Cal, 2d Dist, Div 2 1994]; Alexander v State, 906 SW2d 107 [Ct App Tex 1995]; Foster v Commonwealth, 1989 WL 641956 [Va Ct App, Nov. 21, 1989, Benton, J.].)[13]
Under the Dost test, absent a statutory provision to the contrary, the trier of fact need not find that all of the six factors are present in order to conclude that there was a “lewd exhibition of the genitals.”[14] That determination must be made on a *685 case-by-case basis, based on an analysis of the overall content of the visual depiction, taking into account the age of the child.[15]
Applying those factors to the two photographs here at issue, this court is satisfied that there was no impermissibly “expansive construction to the proscription on lewd exhibition [s] of the genitals’ ” under Ferber (supra, at 773) in this case, and that the jury constitutionally applied Penal Law § 263.16 to defendant. In each photograph, the focal point is the genitals of defendant’s daughters: in one, the anus and, to a lesser degree, the vagina, of each child; in the other, the vaginas of both children. The setting in both photographs is sexually suggestive, in a place or pose generally associated with sexual activity. In one, the children are posed face down on a bed, with the anus of each child raised in a pose suggesting sexual activity; in the other, the children are posed on a stage with legs widely spread, vaginas exposed, with similar suggestiveness. Too, in both photographs the children are in inappropriate attire and posed in a manner that is without question unnatural. That is, in the photograph on the bed, the children are posed from the rear with the anus of each child raised to face the camera with the head of each child turned; in the second, the two children are posed in an obvious unnatural fashion, while frontally nude from the waist down with legs spread apart, seemingly reading books on a stage. Such poses are foreign to most children in the course of normal, benign activity. Also, as noted supra, both children are partially — and graphically — nude in both photographs.
Moreover, the conduct depicted in each photograph shows a sexual coyness, at a minimum, and perhaps even suggests a willingness to engage in sexual activity. Finally, it can be said that the conduct depicted in each photograph is intended or designed to elicit a sexual response in the viewer. In short, this court finds that under the Dost test, the jury lawfully concluded that the two photographs constitute lewd exhibitions of the *686 genitals of defendant’s young daughters.[16] Additionally, such a conclusion flows from basic common sense, as well.
Conclusion
For the foregoing reasons, defendant’s motion for an order setting aside the jury’s verdict pursuant to CPL 330.30 (1) is denied in all respects.
[Portions of opinion omitted for purposes of publication.]

. Defendant initially also argued that Penal Law § 263.16 is void for vagueness in that it fails to set forth any meaningful standards as to the meaning of “lewd.” By his memorandum of law dated December 5, 2000, however, defendant concedes that Penal Law § 263.16 is not unconstitutional on its face.

. Defendant’s memorandum of law in support of the argument advanced in his CPL 330.30 motion that Penal Law § 263.16, if applied to the particular facts of this case, would be overbroad and void for vagueness, dated December 5, 2000, at 6. (Defendant’s Memorandum.)

. In Rabeck v New York (supra), the Court struck down as unconstitutionally vague section 484-i of the former Penal Law, which prohibited the sale of *680 magazines “which would appeal to the lust of persons under the age of eighteen years or to their curiosity as to sex or to the anatomical differences between the sexes.” (Former Penal Law § 484-i [1].)
In Miller v California (supra), defendant was prosecuted for the mass mailing of unsolicited obscene material.
In New York v Ferber (supra), the Court upheld Penal Law § 263.15 against a challenge that it was unconstitutional on its face. There the defendant was the proprietor of a bookstore specializing in “sexually oriented products.” He was charged with selling to an undercover police officer two films “devoted almost exclusively to depicting young boys masturbating.” Defendant was convicted of two counts of section 263.15. The conviction was affirmed by the Appellate Division without opinion (People v Ferber, 74 AD2d 558 [1980]), but was reversed by the Court of Appeals (People v Ferber, 52 NY2d 674 [1981]).

. Defendant’s Memorandum, at 7.

. Id., at 8.

. Penal Law § 263.15 defines the crime of promoting a sexual performance by a child as follows:
“A person is guilty of promoting a sexual performance by a child when, knowing the character and content thereof, he produces, directs or promotes any performance which includes sexual conduct by a child less than sixteen years of age.”
Penal Law § 263.16 defines the crime of possessing a sexual performance by a child as follows:
“A person is guilty of possessing a sexual performance by a child when, knowing the character and content thereof, he knowingly has in his possession or control any performance which includes sexual conduct by a child less than sixteen years of age.”

. Defendant’s Memorandum, at 11-12, citing Ferber, supra, at 774.

. Id., at 2.

. In support of that observation, the People cite the following language of the Court in Ferber (supra, at 758):
“Suffice it to say that virtually all of the States and the United States have passed legislation proscribing the production of or otherwise combating ‘child pornography.’ The legislative judgment, as well as the judgment found in the relevant literature, is that the use of children as subjects of pornographic materials is harmful to the physiological, emotional, and mental health of the child.”

. In 1984 Congress amended the existing law by enacting the Child Protection Act of 1984 (Pub L 98-292, 98 US Stat 204). One part of the amendment was to substitute the term “lascivious exhibition of the genitals” for “lewd exhibition of the genitals” in the definition of “sexually explicit conduct.” The change was made because the term “lewd” had been equated with “obscene” by some courts. Thus, Congress felt that this change would make it clear that an exhibition of a child’s genitals under that statute need not meet the obscenity standard to be unlawful. (See United States v Dost, supra, at 831.)

. The definition that the Dost court rejected is that found in United States v Nemuras (567 F Supp 87, 89 [D Md 1983], affd 740 F2d 286 [4th Cir 1984]): lewd had a “generally well recognized meaning, connotating sexual suggestiveness.” That court gave examples of sexually suggestive or lewd photographs as those in which a child “is depicted as half or partially clothed, posed in such a way as to depict or suggest a willingness to engage in sexual activity or a sexually coy attitude.” (Supra.)

. The District Court in Villard considered the following example in framing the question of whether a photograph not dissimilar to those at bar qualifies as a “lascivious exhibition” of genitals under 18 USC § 2255 (2) (E): “For example, consider a photograph depicting a young girl reclining or sitting on a bed, with a portion of her genitals exposed. Whether this visual depiction contains a ‘lascivious exhibition of the genitals’ will depend on other aspects of the photograph. If, for example, she is dressed in a sexually seductive manner, with her open legs in the foreground, the photograph would most likely constitute a lascivious exhibition of the genitals. The combined effect of the setting, attire, pose, and emphasis on the genitals is designed to elicit a sexual response in the viewer, albeit perhaps not the ‘average viewer’, but perhaps in the pedophile viewer. On the other hand, if the girl is wearing clothing appropriate for her age and is sitting in an ordinary way for her age, the visual depiction may not constitute a ‘lascivi *684 ous exhibition’ of the genitals, despite the fact that the genitals are visible.” (United States v Villard, supra, at 811-812.)

. For other applications of the Dost test, see United States v Carroll (190 F3d 290 [5th Cir 1999]), United States v Amirault (173 F3d 28 [1st Cir 1999]), United States v Knox (32 F3d 733 [3d Cir 1994], cert denied 513 US 1109), United States v Wolf (890 F2d 241 [10th Cir 1989]), United States v Arvin (900 F2d 1385 [9th Cir 1990], cert denied 498 US 1024), United States v Rubio (834 F2d 442 [5th Cir 1987]), United States v Crosby (106 F Supp 2d 53 [D Me 2000]), United States v Dauray (76 F Supp 2d 191 [D Conn 1999]), Rhoden v Morgan (863 F Supp 612 [MD Tenn 1994]), and People v Hebel (174 Ill App 3d 1, 527 NE2d 1367 [Ill App Ct, 5th Dist 1988]).

. United States v Dost, supra, at 832.

. While there is a dearth of New York case law on point, it is useful to consider two decisions. (See People v McIntrye, 77 AD2d 810 [4th Dept 1980] [taking of Polaroid photographs of defendant’s 12-year-old niece in various degrees of undress and in various postures held to be a performance and thus punishable under Penal Law § 263.05]; Matter of Glenn G., 154 Misc 2d 677 [Fam Ct, King’s County 1992], affd sub nom. Matter of Josephine G., 218 AD2d 656, lv denied 87 NY2d 803 [possession of a semi-nude photograph taken of the parties’ five-year-old son depicting the lewd exhibition of the child’s genitals constitutes the unlawful use of a child in a sexual performance under Penal Law § 263.05].)

, Defendant’s observation that there is no evidence that he intended to do anything with the photographs other than to place them in his daughters’ scrapbooks misses the relevance mark. Penal Law § 263.16 contains no element requiring proof of a defendant’s intent to use the depiction in any specific way or for any particular purpose. (See n 9, supra.)