■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ALAN R. HORNER, Respondent. [752 NYS2d 147] —Peters, J. Appeal from an amended order of the County Court of Chenango County (Sullivan, J.), entered October 29, 2001, which granted defendant's motion to dismiss the indictment.

Defendant was indicted by a Chenango County grand jury on one count each of possessing a sexual performance by a child (Penal Law § 263.16) and attempted use of a child in a sexual performance (Penal Law §§ 110.00, 263.05). The charges arose from defendant's possession of over 100 downloaded Internet-reproduced photographs featuring young boys, some nude and some wearing skimpy swimsuits or briefs, as well as the request by defendant that his grandnephew pose naked for him for photographs.

Thereafter, County Court granted defendant's motion to dismiss the indictment. In determining the motion, County Court inspected the grand jury minutes and all confiscated photographs and requested that the People select those photographs which it claimed depicted "sexual conduct" as set forth in Penal Law § 263.00 (3). The People selected four such photographs marked as exhibits A, B, C and D: exhibit A depicts three nude boys playing on a beach, the genitalia of one appearing erect; exhibit B is of a naked boy, casually propped against a tree, again suggesting an erection; exhibit C is a grainy photograph of two boys lying together on a blanket, neither is nude; and exhibit D depicts two shirtless boys on a couch, one reclines with his legs open while the second reposes upon his chest, nestled between his open legs, while the first boy is loosening the string of the second boy's swimwear as they both watch.

In ruling upon the motion, County Court focused its inquiry on exhibits A, B, C and D and determined that where the genitalia are not displayed, the conduct will not fall within the parameters of the statute. As to the nude photographs, County Court concluded that Penal Law article 263 contemplates activity of a more prurient nature than they depicted. Regarding the charge of attempted use of a child in a sexual performance, County Court found no evidence of "sexual conduct" and, therefore, found insufficient evidence to establish an essential element of the crime. The People appeal.

At the outset, we find that to the extent that County Court limited its consideration to only four of the photographs (exhibits A, B, C and D), despite having inspected all photographs which had been before the grand jury, this was error. Turning to the first count of possessing a sexual performance by a child, Penal Law § 263.16 details that a person may be found guilty of this crime when, "knowing the character and content thereof, he knowingly has in his possession or control any performance which includes sexual conduct by a child less than sixteen years of age." Sexual conduct by a child less than 16 years of age includes, inter alia, "lewd exhibition of the genitals" (Penal Law § 263.00 [3]).

We do not agree with County Court's conclusion that both the exhibition of nude genitalia and activity of a prurient nature are required to make out a violation of this statute. The provisions of Penal Law § 263.00 (3) are to "be construed according to the fair import of their terms to promote justice and effect the objects of the law" (Penal Law § 5.00). Indeed, "the legislative history of [Penal Law] article 263 indicates that the Legislature intended to employ broad measures to eradicate child pornography in all its forms" (*People v Keyes*, 75 NY2d 343, 348); "cramped construction" must be rejected as "inconsistent with both * * * [its] language and * * * spirit" (*id.* at 347). Recognizing that the Legislature did not separately define "lewd exhibition of the genitals" when it provided that such conduct would constitute "sexual conduct," a corpus of both federal and state decisional law guides us to the following factors articulated in *United States v Dost* (636 F Supp 828, *affd* 813 F2d 1231) to assess whether the photographs here constitute "lascivious exhibition of the genitals or pubic area":[1]

"1) whether the focal point of the visual depiction is on the child's genitalia or pubic area;

---

1. The statute challenged in *United States v Dost* (636 F Supp 828, *supra*) was 18 USC former § 2255 (2) (E). It proscribed "lascivious exhibition of the genitals or pubic area." Despite the slightly dissimilar statutory standard and legislative history indicating that Congress purposely employed the term

"2) whether the setting of the visual depiction is sexually suggestive, i.e., in a place or pose generally associated with sexual activity;

"3) whether the child is depicted in an unnatural pose, or in inappropriate attire, considering the age of the child;

"4) whether the child is fully or partially clothed, or nude;

"5) whether the visual depiction suggests sexual coyness or a willingness to engage in sexual activity;

"6) whether the visual depiction is intended or designed to elicit a sexual response in the viewer" (*United States v Dost, supra* at 832; *see United States v Knox*, 32 F3d 733, *cert denied* 513 US 1109; *United States v Villard*, 700 F Supp 803, *affd* 885 F2d 117; *People v Bimonte*, 187 Misc 2d 677; *People v Kongs*, 30 Cal App 4th 1741, 37 Cal Rptr 2d 327).[2] Hence, one must consider the combined effect of the setting, attire, pose and emphasis on the genitals and whether it is designed to elicit a sexual response in the viewer, "albeit perhaps not the 'average viewer', but perhaps in the pedophile viewer" (*United States v Dost, supra* at 832).

Absent a statutory provision to the contrary, all of the aforementioned factors need not be present in order to find a "lewd exhibition of the genitals." Neither *Dost* nor our statute prohibiting public lewdness (*see* Penal Law § 245.00) requires that the genitalia be uncovered (*see People v Darryl M.*, 123 Misc 2d 723 [the defendant's actions of repeatedly stroking his covered erect penis against the buttocks of females is behavior encompassed by the statute]; *see also People v Kongs, supra* [the defendant taking "crotch shots" of minors at family photo shoots[3] falls within statutory prohibition despite genitalia being covered]). Where, as here, defendant is found to possess a series of "crotch shots" of young boys, some clothed and some nude, a prohibited exhibition of the genitalia can be found. The lewd character of the photograph and its prurient appeal is not a characteristic of the child photographed, but " 'of the exhibition which the photographer sets up for an audience that

---

"lascivious" rather than "lewd" in order to make it clear that the exhibition of a child's genitals need not meet the obscenity standard to be unlawful (*id.* at 831; 130 Cong Rec S3510, S3511 [Mar. 30, 1984 (statement of Sen. Specter)]), we see nothing in the legislative history of Penal Law article 263 that would draw any distinction between the two terms. Hence, in our view, the application of the *Dost* test is instructive.

**2.** These factors "serve to distinguish between innocent family photo or artistic depiction of a nude child and the victimization of that child in the creation of child pornography" (*United States v Villard, supra* at 812).

**3.** Events at which photographers take pictures of models of varying ages so the photographers and the models can develop portfolios.

consists of himself or likeminded pedophiles' " (*Alexander v State of Texas*, 906 SW2d 107, 110 [Tex], quoting *United States v Wiegand*, 812 F2d 1239, 1244, *cert denied* 484 US 856). Applying these principles and mindful that it was exclusively within the province of the grand jury, and not County Court, to weigh the evidence (*see People v Jensen*, 86 NY2d 248, 252), we conclude, after reviewing all of the photographs before the grand jury, that this count of the indictment should have been upheld as supported by legally sufficient evidence.[4]

Next addressing the count stemming from defendant's request of his grandnephew to pose naked for Internet photographs, we find, upon viewing the evidence before the grand jury in a light most favorable to the People (*see People v Canale*, 240 AD2d 839, 840), that it failed to support the charge of attempted use of a child in a sexual performance (*see* Penal Law §§ 110.00, 263.05). The victim, 14 years old at the time of the incident, testified that defendant showed him photographs of children between the ages of 6 and 16 which were printed off the Internet, took pictures of him clothed and later asked him to pose naked; the victim refused.

"A person is guilty of an attempt to commit a crime when, with intent to commit a crime, he engages in conduct which tends to effect the commission of such crime" (Penal Law § 110.00; *see People v Warren*, 66 NY2d 831, 832). To establish an attempt, it must first be demonstrated that defendant intended to commit a specific crime (*see People v Warren, supra*; *People v Hamilton*, 256 AD2d 922, 923, *lv denied* 93 NY2d 874). Second, there must be conduct tending to effect the commission of the crime. While such act need not constitute the

---

4. Contrary to the dissent, we do not find it necessary to remit the matter so that County Court can rule upon each photograph submitted to the grand jury and address the issue of whether the District Attorney's mass submission of all of the seized photographs was so prejudicial as to taint the grand jury process. Inasmuch as this question is one of law and the record before the trial court does not differ from the record that is currently before this Court, deference to a trial court inquiry is not required (*see People v Adessa*, 89 NY2d 677, 684-685).

The "exceptional remedy" of dismissal of an indictment under CPL 210.35 (5) is reserved for "those instances where prosecutorial wrongdoing, fraudulent conduct or errors potentially prejudice the ultimate decision reached by the [g]rand [j]ury. * * * Typically, the submission of some inadmissible evidence will be deemed fatal only when the remaining evidence is insufficient to sustain the indictment" (*People v Huston*, 88 NY2d 400, 409 [citation omitted]; *see People v Avant*, 33 NY2d 265, 271). Here, when the majority of the allegedly inapplicable photographs are excluded, there is, as noted above, sufficient photographic evidence remaining to sustain the first count of the indictment.

last one necessary to complete the offense, it must carry " 'the project forward within dangerous proximity to the criminal end to be attained' " (*People v Bracey*, 41 NY2d 296, 300, quoting *People v Werblow*, 241 NY 55, 61; *see* Penal Law § 110.00). Considering these elements, we conclude that while defendant's conduct may well be considered preparatory, it was insufficient to constitute a punishable attempt (*compare People v Chanowitz*, 298 AD2d 767).

Cardona, P.J. and Carpinello, J., concur.

Mercure, J. (concurring in part and dissenting in part). We respectfully dissent from so much of the majority's determination as would reverse County Court's order dismissing count one of the indictment.

A grand jury indicted defendant for, inter alia, possession of a sexual performance by a child, a class E felony defined under Penal Law § 263.16, based on his possession of approximately 180 poor-quality black and white printouts or photocopies of Internet web pages displaying photographs of boys alleged to be less than 16 years of age. Defendant moved to dismiss the indictment on the grounds that most if not all of the photographs failed to depict "sexual conduct," the exhibition to the jury of numerous photographs that failed to depict sexual conduct was prejudicial and tainted the grand jury process, and the grand jury may not have been properly instructed as to the definition of "lewd" or "exhibition."* At oral argument on the motion, County Court asked the District Attorney to select photographs that, to his mind, depicted "sexual conduct." The District Attorney selected but four of the 180 photographs, which then formed the basis for County Court's determination. Concluding that none of those four photographs depicted sexual conduct, but in no way addressing the remaining photographs, County Court granted the motion and dismissed the indictment.

Pursuant to Penal Law § 263.16, "[a] person is guilty of possessing a sexual performance by a child when, knowing the character and content thereof, he knowingly has in his possession or control any performance which includes sexual conduct by a child less than sixteen years of age." "Sexual performance" is defined as a performance or part thereof that includes "sexual conduct" (Penal Law § 263.00 [1]) and "sexual conduct" is in turn defined as "actual or simulated sexual intercourse, deviate sexual intercourse, sexual [bestiality], masturbation,

---

* The grand jury, in fact, received no instruction as to the definition of either of these terms.

sado-masochistic abuse, or lewd exhibition of the genitals" (Penal Law § 263.00 [3]). To the extent that sexual conduct may have been involved in this case, the parties agree that it was limited to "lewd exhibition of the genitals."

Although the term "lewd exhibition of the genitals" is not separately defined, we agree with the majority that the test developed in *United States v Dost* (636 F Supp 828, *affd* 813 F2d 1231), in connection with a federal statute proscribing "lascivious exhibition of the genitals or pubic area" (18 USC former § 2255 [2] [E]), has been widely used (*see e.g. People v Bimonte*, 187 Misc 2d 677, 683-684) and is instructive. Examination of the six *Dost* factors highlights two points that we believe are of some significance here. First, it is apparent that not all displays of the genitals, even uncovered genitals, will constitute a lewd display of the genitals. To hold otherwise would be to render the Legislature's use of the word "lewd" wholly superfluous, thereby violating the canon of statutory construction that every word of a statute is to be given effect (*see* McKinney's Cons Laws of NY, Book 1, Statutes § 231). Second, as can be seen from the fourth of the *Dost* factors (*United States v Dost, supra* at 832), an exhibition of clothed genitals can constitute a lewd display so long as there is in fact some exhibition of the genitals. Thus, for example, an erect penis discernible through tight clothing could, under appropriate circumstances, constitute a lewd display of the genitals (*see People v Darryl M.*, 123 Misc 2d 723, 726). We, therefore, disagree with the majority's reliance upon *People v Kongs* (30 Cal App 4th 1741, 37 Cal Rptr 2d 327), which construed a California statute making it a crime to "annoy or molest any child under the age of 18" for the proposition that "crotch shots" necessarily violate Penal Law § 263.16, which requires a "lewd exhibition of the genitals."

Although County Court correctly recognized that mere nudity would not of itself make out a violation, we believe it erred in its out-of-hand rejection of any photographs that did not display unclothed genitalia. At the same time, we agree with County Court that none of the exhibits singled out by the People depicts a lewd exhibition of the genitals. Describing exhibit C as "grainy" is something of an understatement. In fact, the photograph is of such poor quality that we are unable to distinguish any body parts other than human legs, and we are at a loss as to how any reasonable person could discern a lewd exhibition of the genitals therefrom. Although exhibits A and B each depict a nude boy with his penis exposed, and notwithstanding the determinations of County Court and the majority

that the photographs "suggest[ ]" an erection, we believe that the children's poses and the poor quality and shading of the photographs make it impossible to determine whether either of them has an erection. Furthermore, in neither of these exhibits is the focal point of the visual depiction on the child's genitalia, the settings are not sexually suggestive in any way, the poses of the children are by no means unnatural, there is nothing about either of them that suggests sexual coyness or a willingness to engage in sexual activity, and we see no basis for a finding that either depiction is intended or designed to elicit a sexual response in the viewer. Finally, although sexually suggestive, exhibit D lacks any visual depiction of a child's genitals. To the contrary, the only genital area that can be viewed is covered by a bathing suit and, unlike the situation in *People v Darryl M.* (*supra*), no erection or even an outline or other visual suggestion of genitalia can be discerned.

Because County Court erroneously limited its consideration to but four of the photographs that were received in evidence before the grand jury, we would withhold decision, remit the matter to County Court for a consideration of all photographs that the People contend depict a lewd exhibition of the genitals and redetermination of the motion on that basis. The majority is correct that it was exclusively the province of the grand jury to weigh the evidence (*see People v Jensen*, 86 NY2d 248, 252). However, it is for the court to ascertain the " 'legal sufficiency' of the evidence" (*id.* at 252) and we would remit for County Court to make that determination with respect to *all* of the evidence. First, although it is questionable as to whether any of the photographs before the grand jury provides legally sufficient evidence, it is our view that County Court should make that determination in the first instance, applying the standard set forth herein. This would give the District Attorney—who expressed a willingness during oral argument before County Court to limit the number of photographs that he seeks to introduce into evidence—the opportunity to do just that. Second, there may be some merit to defendant's claim that the District Attorney's mass submission to the grand jury of 180 photographs in support of his request that the grand jury return a single count of possession of a sexual performance by a child was highly prejudicial and rendered the resulting indictment defective within the purview of CPL 210.25 (1). The sheer mass of the material put before the grand jurors, by far the greater part of which could not by any stretch of the imagination constitute a sexual performance, could have had the effect of inciting the grand jurors against defendant, especially when they were not instructed as to the definition of "lewd." This is

particularly so in view of the District Attorney's initial statement to the grand jury: "This deals with child pornography so if anyone feels that they can't stomach it [they may] leave the room for personal reasons." On remittal, we would have County Court consider this branch of defendant's motion as well.

Spain, J., concurs. Ordered that the amended order is modified, on the law, by reversing so much thereof as granted defendant's motion to dismiss count one of the indictment; motion denied to that extent and said count reinstated; and, as so modified, affirmed.