*588 OPINION OF THE COURT
Memorandum.
Judgment of conviction affirmed.
Defendant was charged with two counts of attempted possession of a sexual performance by a child (Penal Law §§ 110.00, 263.16) based upon two photographs which he took of his daughters, aged 5 and 7, while on vacation in Florida. On this appeal, defendant, in essence, contends that the statute (Penal Law § 263.16) cannot be constitutionally applied to a parent who takes two nude photographs of his children, on a roll of film containing otherwise innocuous photographs, absent any evidence of an intent to distribute, publish or profit therefrom, or provide sexual gratification. Inasmuch as the statute merely prohibits possession of a sexual performance by a child less than 16 years of age without a showing of any such additional intent, we find said argument unpersuasive. All that was necessary to support a conviction was for the jury to find that defendant, knowing their character and content, attempted to possess photographs depicting a lewd exhibition of the children’s genitals (Penal Law § 263.00 [3], [4]). After reviewing the record, it is our opinion that there was sufficient evidence to support the jury’s finding of guilt beyond a reasonable doubt (see People v Pinkoski, 300 AD2d 834 [2002]; People v Horner, 300 AD2d 841 [2002]; see also United States v Dost, 636 F Supp 828 [1986], affd 813 F2d 1231 [1987]; United States v Wiegand, 812 F2d 1239 [1987], cert denied 484 US 856 [1987]; see also New York v Ferber, 458 US 747 [1982]). The other issues raised by defendant were considered and found to be without merit.