■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HOBART T. GIBEAULT, Appellant. [773 NYS2d 751]—

Carpinello, J. Appeal from a judgment of the County Court of Saratoga County (Scarano, Jr., J.), rendered May 6, 2002, upon a verdict convicting defendant of the crimes of use of a child in a sexual performance, possessing an obscene sexual performance by a child and endangering the welfare of a child.

After spending an afternoon drinking and smoking marihuana, defendant, then 25 years old, and a 13-year-old friend (hereinafter the teen) were "hanging out" in defendant's bedroom when the teen decided to record a video. Much of the resulting 52-minute videotape shows defendant and the teen mugging for the camera, listening to music and otherwise "goofing off." In sum, the video is more akin to a "Wayne's World"-like skit than pornography.

Six months later, while defendant was incarcerated for an unrelated parole violation, the videotape was found among his possessions by his landlord and given to his parole officer. As a result, defendant was indicted on a number of charges involving sexual contact with a child, sexual performance by a child and endangering the welfare of a child. Following a jury trial, he was convicted of use of a child in a sexual performance, possessing an obscene sexual performance by a child and endangering the welfare of a child and was sentenced as a predicate felon to prison terms aggregating 6 to 12 years. Defendant now appeals.

Clearly, defendant's behavior, which included exposing himself to the camera, is reprehensible and he concedes that he is guilty of endangering the welfare of a child. On appeal, he challenges only the legal sufficiency and the weight of the evidence supporting his convictions for the crimes of use of a child in a sexual performance and possessing an obscene sexual performance by a child. Significantly, both of these crimes are predicated on the *teen's* conduct, not defendant's. The central question, then, is whether the teen's behavior on the videotape constituted sexual conduct, an essential element of both crimes (*see* Penal Law § 263.00 [1]; §§ 263.05, 263.11). Specifically, Penal Law § 263.00 (3), as relevant here, defines "[s]exual conduct" as "actual or simulated sexual intercourse, deviate sexual intercourse, . . . masturbation, . . . or lewd exhibition of the genitals." The People maintain that the teen's conduct falls within this definition, pointing to specific instances on the videotape that, they contend, show lewd exhibitions of the teen's genitals, the teen actually masturbating and the teen simulating the acts of masturbation, sexual intercourse and deviate sexual intercourse.

We begin with those instances where the teen allegedly simulated sexual conduct. "Simulated" sexual conduct is defined by statute as "the explicit depiction of [sexual conduct] which creates the appearance of such conduct and which exhibits any uncovered portion of the breasts, genitals or buttocks" (Penal Law § 263.00 [6]). Over the course of the videotape, the teen, on several occasions, fleetingly pretends to masturbate while fully clothed. Defendant also parodies momentary acts of sexual in-

tercourse and deviate sexual intercourse with the teen while both are fully clothed. Admittedly, there are instances throughout the videotape when either defendant or the teen exhibits uncovered portions of his genitals or buttocks, however, none of the depictions of simulated sexual conduct actually involves any nakedness. As a result, these acts, however boorish, do not meet the statutory definition of simulated sexual conduct and, thus, do not constitute "sexual conduct" as defined for the crimes at issue.

Next, we consider the teen's allegedly lewd exhibition of his genitals. We have recently held that the determination as to whether a visual depiction constitutes a lewd exhibition of the genitals requires a consideration of "the combined effect of the setting, attire, pose and emphasis on the genitals and whether [the depiction] is designed to elicit a sexual response in the viewer" (*People v Horner*, 300 AD2d 841, 843 [2002]). Several times the teen, for a fraction of a second, exposes his penis. However, the setting, attire and poses of these momentary exposures were decidedly not sexually suggestive. Further, the teen's testimony and the videotape itself lead us to conclude that these displays were not intended to elicit a sexual response of any kind. Therefore, while the teen's exposure, when viewed in a light most favorable to the People, might lead a rational jury to find that he engaged in a lewd exhibition of his genitals (*see People v Bleakley*, 69 NY2d 490, 495 [1987]), we conclude that such a finding is against the weight of the evidence (*see id.* at 495).

Finally, the People allege that the videotape shows the teen engaged in actual masturbation. Defendant contends that the teen's conduct was not masturbation because it did not have, nor suggest, an element of self-gratification. The Legislature has not defined "masturbation" for purposes of Penal Law § 263.00 (3) or otherwise. Construing the statute "according to the fair import of [its] terms to promote justice and effect the objects of the law" (Penal Law § 5.00; *see People v Pinkoski*, 300 AD2d 834, 837 [2002], *lv denied* 99 NY2d 631 [2003]; *People v Horner, supra* at 842), the term must include an element of sexual gratification.* Here, the teen's brief episodes of play acting simply fail to fulfill this requirement. Accordingly, we find

---

* We find support for this view in the statutes and case law of several other states (*see e.g.* Ala Code § 13A-12-190 [8]; Colo Rev Stat Ann § 18-6-403 [2] [f]; Idaho Code § 18-1507 [2] [g]; Mich Comp Laws Ann § 750.145c [1] [h]; *but see* Conn Gen Stat Ann § 53a-193 [8]; Okla Stat Ann § 1030 [7]; *State v Ciancanelli*, 181 Or App 1, 23 n 20, 45 P3d 451, 463 n 20 [2002], *lv granted* 335 Or 90, 58 P3d 821 [2002]; *People v Chambless*, 74 Cal App 4th 773, 785, 88 Cal Rptr 2d 444, 452-453 [1999], *review denied* [Dec. 15, 1999]; *State v Mayfield*,

that the teen did not engage in actual masturbation and, in light of our other findings, conclude that the teen did not engage in sexual conduct. Therefore, we vacate those convictions that were predicated on this conduct. In light of this decision, defendant's remaining contentions need not be reached.

Mercure, Rose and Lahtinen, JJ., concur.

Cardona, P.J. (dissenting). I find that the teen in question engaged in sexual conduct proscribed by the two statutes at issue. Therefore, I must respectfully dissent and, accordingly, would affirm the judgment of conviction.

First, I disagree with the conclusion that the visual depictions of the teen's exposed penis, "for a fraction of a second," are not lewd and, therefore, do not constitute sexual conduct. Certain of the depictions, particularly those near the end of the videotape, are of considerably greater duration. Furthermore, I do not read *People v Horner* (300 AD2d 841 [2002]) as limiting lewd depictions to only those which elicit a sexual response (*id.* at 843). In *Horner*, we found the six *Dost* factors (*see United States v Dost*, 636 F Supp 828 [1986], *affd* 813 F2d 1231 [1987]) instructive in determining what the Legislature meant by "lewd exhibition of the genitals" as a form of "sexual conduct" under Penal Law article 263 (*People v Horner, supra* at 843 n 1) and specifically noted that "all of [those] factors need not be present in order to" make that determination (*id.* at 843). Therefore, I read *Horner* to include those depictions where, as here, " 'the focal point . . . is on the child's genitalia' " and " '[the] pose [is] generally associated with sexual activity' " (*id.* at 842-843, quoting *United States v Dost, supra* at 832).

Next, I disagree with the majority's statement that the videotape does not depict the teen engaged in masturbation because sexual gratification is absent. Sexual gratification is not an element of sexual conduct under Penal Law article 263.* Notably, there are four different definitions of sexual conduct contained in each of four separate articles of the Penal Law (*see People v Pinkoski*, 300 AD2d 834, 837 n 3 [2002], *lv denied* 99 NY2d 631 [2003]) and none includes the element of sexual gratification. "Generally, we will not supply, by implication, a provision in a statute when it is reasonable to believe that its

120 NM 198, 201, 900 P2d 358, 361 [NM App 1995]; *State v Berthelot*, 487 So 2d 639, 640 [La App, 4th Cir 1986]; *Commonwealth v Israeloff*, 8 Pa D & C 3d 5, 14 n 2 [Pa Ct of Common Pleas 1978]; *State v Lopez*, 156 Ind App 379, 386, 296 NE2d 918, 922 [1973]).

   * Sexual conduct "means actual or simulated sexual intercourse, deviate sexual intercourse, sexual beastiality, masturbation, sado-masochistic abuse, or lewd exhibition of the genitals" (Penal Law § 263.00 [3]).

absence was intended by the Legislature. With a penal statute, it is further presumed that its terms are to 'be construed according . . . [their] fair import . . . to promote justice and effect the objects of the law' " (*id.* at 837, quoting Penal Law § 5.00 [citations omitted]). If the Legislature had intended to make sexual gratification an element of any of the offenses under Penal Law article 263, it could have done so just as it did when it defined "sexual contact" under Penal Law article 130 (*see* Penal Law § 130.00 [3]). Instead, the Legislature chose a broader definition for "sexual conduct" under Penal Law article 263 because its purpose was to eradicate the exploitation of children as subjects in sexual performances in all its forms (*see People v Fraser*, 96 NY2d 318, 327 [2001], *cert denied* 533 US 951 [2001]; *People v Keyes*, 75 NY2d 343, 348 [1990]; *People v Gaito*, 199 AD2d 615, 616 [1993], *lv denied* 83 NY2d 805 [1994]).

In my view, the child who is induced to lewdly exhibit his genitals and engage in a sexually explicit depiction of masturbation as shown on the videotape here, even in the context of "mugging for a camera" or "goofing off," is no less sexually exploited than the child participant of commercially produced pornography. Because defendant's conduct falls within the "plain and natural meaning of [the subject] statute[s]," it may be "punished as criminal" (*People v Keyes, supra* at 348). I find, therefore, that when viewed in the light most favorable to the People, "there is [a] valid line of reasoning and permissible inferences which could lead a rational person to the conclusion reached by the jury on the basis of the evidence at trial" and that every element of the crimes charged is established beyond a reasonable doubt (*People v Bleakley*, 69 NY2d 490, 495 [1987]). Moreover, having conducted a factual review, I conclude that the jury accorded the evidence the proper weight in arriving at its verdict (*see* CPL 470.15 [5]; *People v Bleakley, supra* at 495).

Ordered that the judgment is modified, on the law and the facts, by reversing defendant's convictions of use of a child in a sexual performance and possessing an obscene sexual performance under counts one and three of the indictment; said counts dismissed; and, as so modified, affirmed.