[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-11039

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

BRADLEY DIEFFENBACHER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:19-cr-00504-MSS-CPT-1

_____

Before JORDAN, BRANCH, and MARCUS, Circuit Judges.

PER CURIAM:

Bradley Dieffenbacher appeals from his sentence of 444 months' imprisonment for two counts of enticing a minor to engage in sexual activity, two counts of enticing a minor for the purpose of producing child pornography, and one count of committing a felony involving a minor while being required to register as a sex offender.  On appeal, he argues that the district court erred in holding that his prior state conviction for attempted use of a child in a sexual performance under New York Penal Law §§ 110.00 and 263.05 qualified as a conviction relating to the sexual abuse of a minor, which triggered 18 U.S.C. § 2251(e)'s 25-year mandatory-minimum statutory enhancement.  After careful review, we affirm.

We ordinarily review *de novo* the district court's determination that a prior conviction triggers a statutory sentencing enhancement.  *United States v. Miller*, 819 F.3d 1314, 1316 (11th Cir. 2016).  However, we are not required to vacate a sentence and remand if the district court would have likely sentenced the defendant in the same way without the error.  *United States v. Kapordelis*, 569 F.3d 1291, 1314 (11th Cir. 2009).  Additionally, following the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220, 226–27 (2005), the Sentencing Guidelines are no longer mandatory.

In deciding whether a defendant's prior conviction qualifies as a predicate offense for a sentencing enhancement, federal courts

usually apply the "categorical approach," meaning we look only to the elements of the statute under which the defendant was convicted and not at the facts underlying the prior conviction. *Mathis v. United States*, 579 U.S. 500, 504, 512 (2016). We then compare the statute's elements to the generic offenses listed in the federal sentencing-enhancement statute. *Id.* at 504–05. If a generic offense is non-traditional, *i.e.*, a crime not developed in the common law, we define it using its "ordinary, contemporary, and common meaning." *United States v. Ramirez-Garcia*, 646 F.3d 778, 783 (11th Cir. 2011) (quotation omitted).

Under the categorical approach, a prior conviction is presumed to have "rested upon nothing more than the least of the acts criminalized" or the "least culpable conduct." *Donawa v. U.S. Att'y Gen.*, 735 F.3d 1275, 1280, 1283 (11th Cir. 2013) (quotation omitted). If the elements of the prior offense are either "the same as, or narrower than, those of the generic offense," then any conviction under the statute qualifies. *Descamps v. United States*, 570 U.S. 254, 257 (2013). If, however, the elements of the state offense are broader than those of the generic offense, then courts determine the statute's divisibility. *Mathis*, 579 U.S. at 505. A statute is indivisible if it "sets out a single . . . set of elements to define a single crime," even if it provides for alternative means of committing the offense. *Id.* at 504–05. A statute is divisible if it "list[s] elements in the alternative, . . . defin[ing] multiple crimes." *Id.* at 505. We apply the "modified" categorical approach for divisible statutes, which allows us to "look[ ] to a limited class of documents (for

example, the indictment, jury instructions, or plea agreement and colloquy) to determine what crime, with what elements, a defendant was convicted of." *Id.* at 505–06.

Section 2251 of Title 18 of the U.S. Code criminalizes activity involving the sexual exploitation of minors. A conviction under § 2251 ordinarily carries a 15-year minimum term of imprisonment and a 30-year maximum. 18 U.S.C. § 2251(e). Where, however, a defendant has "one prior conviction . . . under the laws of any State *relating to* [i] aggravated sexual abuse, [ii] *sexual abuse*, [iii] abusive sexual contact involving a minor or ward, or [iv] sex trafficking of children, or [v] the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography," the mandatory minimum increases to 25 years, and the maximum penalty increases to 50 years. *Id.* (emphases added).

New York's use-of-a-child-in-a-sexual-performance statute provides that:

> A person is guilty of the use of a child in a sexual performance if knowing the character and content thereof he employs, authorizes or induces a child less than seventeen years of age to engage in a sexual performance or being a parent, legal guardian or custodian of such child, he consents to the participation by such child in a sexual performance.

N.Y. Penal Law § 263.05. Here, "sexual performance" is "any performance or part thereof which . . . includes sexual conduct by a

child less than seventeen years of age." *Id.* § 263.00(1). "[P]erformance" is "any play, motion picture, photograph or dance. Performance also means any other visual representation exhibited before an audience." *Id.* § 263.00(4). And, "[s]exual conduct" is "actual or simulated sexual intercourse, oral sexual conduct, anal sexual conduct, sexual bestiality, masturbation, sado-masochistic abuse, or lewd exhibition of the genitals." *Id.* § 263.00(3).

New York courts have interpreted the term "lewd" as "'characterized by lust, obscene or indecent' . . . , 'showing or intended to excite lust or sexual desire, esp. in an offensive way' . . . and 'offensive to accepted standards of decency.'" *People v. Pinkoski*, 752 N.Y.S.2d 421, 424 (App. Div. 2002) (citing dictionary and thesaurus definitions). To decide if a "lewd exhibition of the genitals" has occurred, New York courts consider "the combined effect of the setting, attire, pose and emphasis on the genitals and whether [the exhibition] is designed to elicit a sexual response in the viewer." *People v. Horner*, 752 N.Y.S.2d 147, 149–50 (App. Div. 2002). The actions and intent of the person who uses the child -- rather than those of the victim child -- are what matters, since "[t]he lewd character of the [exhibition] and its prurient appeal is not a characteristic of the child [victim], but of the exhibition which the [defendant] sets up for an audience that consists of himself or likeminded pedophiles." *Id.* at 150 (quotation omitted). The child's genitals need not be uncovered for the exhibition to qualify as lewd. *See id.*

Because sexual abuse crimes were not found at common law, we give the term "sexual abuse" a plain meaning that

comports with common usage. *Ramirez-Garcia*, 646 F.3d at 783. Specifically, we've defined "sexual abuse of a minor" as "a perpetrator's physical or nonphysical misuse or maltreatment of a minor for a purpose associated with sexual gratification." *United States v. Padilla-Reyes*, 247 F.3d 1158, 1163 (11th Cir. 2001). We have reasoned that "'[m]isuse' or 'maltreatment' are expansive words that include many different acts" and "focus on the abuser's purpose, rather than any apparent harm to the [victim]." *Ramirez-Garcia*, 646 F.3d at 784 & n.10. Additionally, we've held that sentencing courts should broadly interpret the term "sexual abuse" in assessing whether a prior state conviction qualifies as a predicate offense under § 2551(e), based on the inclusiveness of the phrase "relating to" in the statute. *United States v. McGarity*, 669 F.3d 1218, 1261–63 (11th Cir. 2012), *abrogated on other grounds by Paroline v. United States*, 572 U.S. 434 (2014); *see also United States v. Kushmaul*, 984 F.3d 1359, 1365 (11th Cir. 2021).

So, in *McGarity*, we held that a defendant's state conviction for enticing a minor for indecent purposes warranted an increased sentence under § 2251(e), even though the state conviction did not require touching or attempted touching of a minor. 669 F.3d at 1261–63; *see also United States v. Johnson*, 451 F.3d 1239, 1243 (11th Cir. 2006) (noting that a defendant's prior state convictions for "performing a lewd act in front of a minor" qualified as predicate offenses under §§ 2251(e) and 2252A, a related statute providing enhanced penalties for prior state convictions involving "abusive sexual conduct"); *United States v. Maupin,* 520 F.3d 1304, 1308

(11th Cir. 2008) (per curiam) (holding that a *nolo contendere* plea to state charges for possession of child pornography constituted a prior state conviction within the meaning of § 2252A(b)(1) and (2)).

It is a "central tenet of interpretation" that "a statute is to be considered in all its parts when construing any one of them." *Lexecon Inc. v. Milberg Weis Bershad Hynes & Lerach*, 523 U.S. 26, 36 (1998). Further, when a legislature uses one word in part of a statute and a different word in another part, courts should presume that the legislature did so intentionally. *See McCarthan v. Dir. of Goodwill Indus. Suncoast, Inc.*, 851 F.3d 1076, 1089 (11th Cir. 2017) (en banc) (noting that, "[w]hen Congress uses 'different language in similar sections,' we should give those words different meanings" (citation omitted)).

Here, the district court did not err in finding that Dieffenbacher's conviction for attempted use of a child in a sexual performance under N.Y. Penal Law § 263.05 qualified as a state conviction relating to the sexual abuse of a minor for purposes of § 2551(e). Dieffenbacher argues that -- regardless of whether N.Y. Penal Law § 263.05 is divisible[1] -- the least-culpable conduct criminalized under the statute would be a 16-year-old's "permitting"

---

[1] We agree that we need not decide whether the statute is divisible. *See Daye v. U.S. Att'y Gen.*, 38 F.4th 1355, 1361 (11th Cir. 2022), *cert. denied sub nom. Daye v. Garland*, 143 S. Ct. 569 (2023) (assuming without deciding that the statute is not divisible and applying the categorical approach); *Gelin v. U.S. Att'y Gen.*, 837 F.3d 1236, 1242 (11th Cir. 2016) (assuming without deciding that the statute is not divisible and applying the categorical approach).

another 16-year-old to dance privately in a sexually suggestive way that emphasizes his or her covered genitals. In this "consensual" circumstance, says Dieffenbacher, neither teen misuses or maltreats the other. *Donawa*, 735 F.3d at 1280, 1283.

However, as we've noted, § 263.05 requires proof that a person "employ[ed], authorize[d] or induce[d]" a minor to participate in the sexual performance. N.Y. Penal Law § 263.05. The plain meaning of each of these terms at the time § 263.05 became law implies a degree of control by one individual over another. Indeed, at the time of § 263.05's enactment in 1977, *Webster's New Collegiate Dictionary* (8th ed. 1976) ("*Webster's*"), defined "employ" as "to make use of; to occupy (as time) advantageously; to use or engage the services of; to provide with a job that pays wages or a salary." It defined "authorize" as "to invest, esp. with legal authority; to establish by or as if by authority." *Id.* It defined "induce" as "to lead on, move by persuasion or influence; to call forth or bring about by influence or stimulation." *Id.* The same version of the dictionary defined "consent" as "compliance in or approval of what is done or proposed by another; agreement as to action or opinion" and "permit" as "to consent to expressly or formally; to give leave; to make possible." *Id.*

Applying these definitions here, we conclude that an individual cannot "employ, authorize or induce" another person if that individual does not have some degree of control or authority over the other. In other words, if two minors are equally situated, the statute would not be violated when one minor "permitted" the

other to participate in a sexual performance, because the first minor would not be employing, authorizing, or inducing the other. But, by contrast, if one minor had some degree of control over the other, the minor employing, authorizing, or inducing the other minor would be misusing or maltreating a minor for libidinal gratification under the statute, and, thus, the offense would fit within the generic federal definition of "sexual abuse." *Descamps*, 570 U.S. at 257; *Padilla-Reyes*, 247 F.3d at 1163.

This interpretation of the terms "employ," "authorize," and "induce" is supported by the fact that the second part of the statute is phrased differently. *See Lexecon*, 523 U.S. at 36; *McCarthan*, 851 F.3d at 1089. While the first part of the statute uses these three terms, which imply that some degree of control or authority is needed, the second part of the statute applies to a "parent, legal guardian or custodian of such child . . . [who] consents to the participation by such child in a sexual performance." N.Y. Penal Law § 263.05. In contrast to "employ," "authorize," and "induce," *Webster's* definition of "consent" is more similar to "permits," which is defined in part as "to consent," and is distinguishable from the former three terms in that "consent" does not imply that an individual must exert some degree of power or authority over another.

Moreover, the Second Circuit has held that "any conviction under [New York Penal Law § 263.05] categorically constitutes 'sexual abuse of a minor' under 8 U.S.C. § 1101(a)(43)(A)," which is the immigration statute that defines "aggravated felony" for purposes of removal. *See Oouch v. U.S. Dep't of Homeland Sec.*, 633

F.3d 119, 126 (2d Cir. 2011). Our decision here is wholly consistent with the Second Circuit's, as well as our Court's broad interpretation of the words "relating to" found in 18 U.S.C. § 2251(e), and weighs in favor of holding that the district court did not err in finding that Dieffenbacher's § 263.05 conviction qualified as a state conviction relating to the sexual abuse of a minor. *McGarity*, 669 F.3d at 1261–63. So, even if the statute does not require a perpetrator to show authority over a minor, an exact categorical match is not necessary in this context because any conviction under the New York statute necessarily "relat[es] to . . . sexual abuse." 18 U.S.C. § 2251(e).

For these reasons, the district court did not err in determining that Dieffenbacher qualified for § 2251(e)'s one-prior-conviction enhanced-penalty provision. But in any event, the record demonstrates that the district court would have likely imposed the same 444-month sentence, even without the application of the §2251(e) enhancement. *Kapordelis*, 569 F.3d at 1314. This is because applying the 25-year mandatory-minimum statutory enhancement at § 2251(e) did not affect the lower-end of Dieffenbacher's guideline range for Counts 1 through 4 of his conviction, which remained at 324 months. As the record reflects, Dieffenbacher was sentenced at the low end of the guideline range for Counts 1 through 4, in addition to the mandatory consecutive 120-month term of imprisonment for Count 5. Further, the district court already had the discretion to impose a downward variance from the advisory guideline range, but chose not to do so. *See*

22-11039              Opinion of the Court                    11

*Booker*, 543 U.S. at 225–26.  Accordingly, any error committed by the district court in applying the 25-year mandatory-minimum statutory enhancement at § 2251(e) was harmless, and we affirm Dieffenbacher's sentence.

**AFFIRMED.**